**VENABLE LLP**
Celeste M. Brecht (SBN 238604)
  cmbrecht@venable.com
Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendants
CALIFORNIA STEM CELL
TREATMENT CENTER, INC.,
CELL SURGICAL NETWORK
CORPORATION, ELLIOT B. LANDER,
and MARK BERMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STEM CELL TREATMENT CENTER, INC., a California corporation, CELL SURGICAL NETWORK CORPORATION, a California corporation, and ELLIOT B. LANDER, M.D., MARK BERMAN, M.D., individuals,<br><br>Defendants. | CASE NO. 5:18-CV-01005-JGB-KK<br><br>Hon. Jesus G. Bernal<br>Riverside, Courtroom 1<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Action Filed:  May 9, 2018<br>Trial Date:    None Set |

Defendants California Stem Cell Treatment Center, Inc., Cell Surgical Network Corporation, Elliot B. Lander, and Mark Berman ("Defendants"), by and through their attorneys, hereby respond to the allegations in the numbered paragraphs of the Complaint filed by Plaintiff United States of America ("Plaintiff") as follows:

1. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph, and specifically deny that Defendants' procedures are subject to regulation under the FDCA.

## Jurisdiction and Venue

2. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph.

3. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph.

## Defendants and their Operations

4. Admit.

5. Defendants admit that they conduct procedures involving extraction from a patient and reintroduction into the same patient of stromal vascular fraction using a patient's own adipose tissue ("SVF procedure"), and further admit that they previously conducted procedures involving Vaccinia Vaccine, Live and SVF expanded in culture. Defendants otherwise deny the remaining allegations contained in the paragraph, including the characterization of the SVF as "manufactured," and of the SVF procedure as a "product."

6. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the characterization of the SVF procedure as a "product," admit that the SVF procedure involves

extraction from a patient and reintroduction into the same patient of stromal vascular fraction, and specifically deny that Defendants' procedures are subject to regulation under the FDCA.

7. Defendants deny the characterization of the SVF procedure as a "product," deny the characterization of the SVF procedure as an "experimental treatment," and further deny that the SVF procedure has been used to treat diabetes, but otherwise admit the allegations in this paragraph.

8. Defendants deny the characterization of the SVF procedure as a "product," and deny that SVF procedures involve injection into the brain or spinal cord, but otherwise admit the allegations in this paragraph.

9. Defendants deny that the SVF procedure "is the result of a multi-step manufacturing process," and further deny the characterization of the SVF procedure as a "product," but otherwise admit the remaining allegations contained in the paragraph.

10. Defendants deny that the SVF procedure involves "numerous processing steps," and deny the characterization of the SVF as "manufactured," but otherwise admit the remaining allegations contained in this paragraph.

11. Defendants deny the allegations contained in the first sentence of this paragraph, but otherwise admit the remaining allegations contained in this paragraph.

12. Defendants deny the characterization of the SVF procedure as a "product," and further deny the allegations contained in the first and second sentences of this paragraph. Defendants otherwise admit the remaining allegations contained in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

13. Defendants deny the first sentence of this paragraph. Defendants further deny the characterization of the SVF procedure as a "product," deny the characterization of the SVF procedure as a "manufacturing process," and deny the

characterization of 0.9% Sodium Chloride Injection, USP and 5% Dextrose in Lactated Ringer's as "components." Defendants admit that the collagenase used in their procedures is received from Indiana. Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of remaining allegations in this paragraph and therefore deny them.

14. Defendants deny the characterization of the procedure as an "experimental treatment," as well as the characterization of the procedure as "manufacturing." Defendants otherwise admit the allegations contained in the second, third, and fifth sentences of this paragraph. Defendants further admit that they previously conducted procedures involving a combination of SVF and Vaccinia Vaccine, Live. The fourth sentence contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants admit the allegations in the fourth sentence of this paragraph. Defendants otherwise deny the remaining allegations contained in this paragraph.

15. Defendants deny the characterization of the procedure as "manufactured," but otherwise admit the remaining allegations contained in this paragraph.

16. Defendants admit that they previously recovered adipose tissue and sent said tissue to a licensed facility as part of the expanded SVF procedure, and the resulting ATCELL was then returned to CSCTC Rancho Mirage and CSCTC Beverly Hills. Defendants otherwise deny the remaining allegations contained in this paragraph.

17. Defendants deny the characterization of the SVF procedure as a "product," and deny the characterization of the procedure as a "treatment," but otherwise admit the remaining allegations contained in this paragraph.

18. Defendants deny the characterization of the SVF procedure as a "product," and specifically deny that Defendants' procedures are subject to

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

regulation under the FDCA, but otherwise admit the remaining allegations contained in this paragraph.

19. Defendants deny the characterization of the SVF procedure as a "product," and specifically deny that Defendants' procedures are subject to regulation under the FDCA, but otherwise admit the remaining allegations contained in this paragraph.

20. Defendants deny the characterization of the SVF procedure as a "product," and specifically deny that Defendants' procedures are subject to regulation under the FDCA, but otherwise admit the remaining allegations contained in this paragraph.

21. Defendants admit the allegations contained in this paragraph.

22. Defendants deny the allegations contained in the first sentence of this paragraph and deny the characterization of the SVF procedure as a "product," but otherwise admit the remaining allegations contained in this paragraph.

23. Defendants deny the first and second sentence of this paragraph, but otherwise admit the remaining allegations contained in this paragraph.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them as Plaintiff does not attach the Guidelines to which it refers.

25. Defendants admit the allegations contained in this paragraph.

26. Defendants deny the characterization that the SVF is "manufactured," and further deny the characterization of the SVF procedure as a "product," but otherwise admit the allegations contained in this paragraph.

27. Defendants deny the characterization of the SVF procedure as a "product," and further deny that the SVF is "manufactured," but otherwise admit the remaining allegations contained in this paragraph.

**The CSCTC Products Are Drugs Under the FDCA**

28. This paragraph contains legal conclusions and does not require an

1  answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

29. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

30. The first sentence of this paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations contained in the first sentence of this paragraph. The allegations contained in the second sentence of this paragraph, including subparts (a) through (f) of this paragraph, purport to characterize the content of publicly-available sources, and Defendants specifically deny the characterization of those sources to the extent such characterizations are incomplete or inaccurate, and respectfully refer the Court to the full text of those sources. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

31. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

32. Defendants deny the allegations in this paragraph.

33. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

**The CSCTC Products Are Biological Products Under the PHSA**

34. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this

paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

35. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

36. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

**The CSCTC Products Are Subject to Regulation Under the FDCA**

37. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

38. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

39. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

40. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

41. Defendants reference and incorporate their Answer to paragraph 7 of Plaintiff's Complaint in response to the second sentence of this paragraph. Defendants further respond that the remaining allegations of this paragraph contain legal conclusions and do not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

42. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

43. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

44. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

45. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

46. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

**The CSCTC Products Are Adulterated**

47. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

48. Defendants admit the allegations contained in the first sentence of this paragraph. This remaining allegations of this paragraph contain legal conclusions and do not require an answer. To the extent an answer is required, Defendants deny the remaining allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

49. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

**Adverse Events**

50. Defendants lack sufficient knowledge or information to form a belief as to what records the FDA investigators reviewed and otherwise deny the remaining allegations in this paragraph.

51. Defendants lack sufficient knowledge or information to form a belief as to what records the FDA investigators reviewed and otherwise deny the remaining allegations in this paragraph.

**The CSCTC Products Are Misbranded**

52. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

53. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this

paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

54. This paragraph contains legal conclusions and does not require an answer. To the extent an answer is required, Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

### Defendants Violate the FDCA

55. Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

56. Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

57. Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

### Continuing Noncompliance

58. Defendants deny the allegations in this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

59. Defendants admit they were aware that an affiliate received a Warning Letter in December 2015, deny the characterization of the SVF as a "product," and otherwise lack sufficient knowledge or information to form a belief as to the truth of remaining allegations in this paragraph and therefore deny them. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

60. Defendants admit that Defendants Lander and Berman participated in an interview with a professor at the University of California Davis School of

Medicine in February 2017. The remaining allegations in this paragraph purport to characterize the content of a publicly-available source, and Defendants specifically deny the characterization of that source to the extent such characterization is incomplete or inaccurate, and respectfully refer the Court to the full text of that source.

62. Defendants deny the characterization of the SVF procedure as a "product." Defendants admit that in July 2017 FDA investigators conducted inspections at CSCTC Rancho Mirage and CSCTC Beverly Hills. Defendants further admit that during the time when FDA investigators were present at CSCTC Rancho Mirage and CSCTC Beverly Hills, Defendants Berman and Lander had discussions with FDA investigators, and during those discussions maintained that the SVF procedure is not a drug and is not subject to regulation under the FDCA. Defendants further admit that they sent written responses to the FDA regarding the inspections and responding to the reports. Those written submissions, among other things, demonstrate that Defendants' practices are not subject to FDA oversight. Defendants deny any remaining allegations in this paragraph, and expressly deny that the FDA has jurisdiction over Defendants' SVF procedure.

62. Defendants admit that Defendant Berman participated in a telephone call with FDA representatives in August 2017, and further admit generally that Defendant Berman stated that SVF is not a drug and is not subject to regulation under the FDCA. Defendants otherwise deny that the remaining allegations contained in the paragraph accurately or completely characterize the content of that conversation.

63. Defendants admit that in August 2017, United States Marshals seized five vials of ACAM2000 intended to be used by Defendants in an IRB-approved safety trial for end-stage cancer patients. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in the second sentence of this paragraph and therefore deny them. The allegations contained in

the third sentence of this paragraph purport to characterize the content of a publicly-available source, and Defendants specifically deny the characterization of that source to the extent such characterization is incomplete or inaccurate, and respectfully refer the Court to the full text of the source. Defendants otherwise deny the remaining allegations contained in this paragraph.

64. Defendants deny the characterization of the SVF procedure as a "product," but admit that Defendants Lander and Berman communicated with the FDA in October 2017. Defendants admit the second sentence of this paragraph. Defendants specifically deny that Defendants' procedures are subject to regulation under the FDCA.

65. Defendants deny the allegations in this paragraph.

### PLAINTIFF'S PRAYER FOR RELIEF

I.  Defendants deny Plaintiff is entitled to such relief.
II. Defendants deny Plaintiff is entitled to such relief.
III. Defendants deny Plaintiff is entitled to such relief.

### AFFIRMATIVE DEFENSES

Further responding to the Complaint and as additional defenses thereto, Defendants assert the following affirmative defenses, without admitting any allegations of the Complaint not previously admitted, and without admitting that the Defendants bear the burden of proof or burden of persuasion on any matter set forth herein.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction to hear this action.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim fails because the SVF procedures fall within the "same surgical procedure exception."

### FOURTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred by the due process clause of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred as a violation of the Administrative Procedure Act.

### SIXTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred under the Tenth Amendment to the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint violates patients' right to privacy guaranteed by the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred by the doctrines of laches and estoppel.

### RESERVATION OF DEFENSES

Defendants reserve the right to assert additional affirmative defenses in the event that clarification of Plaintiff's allegations and/or discovery reveals any such defenses to be appropriate.

/ / /

/ / /

# REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court render a judgment as follows:

(a) That Plaintiff be denied all forms of relief requested in the Complaint;

(b) That the Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

(c) That Defendants be awarded their costs and attorneys' fees to the extent allowable by law; and

(d) For such other and further relief as the Court deems just and proper.

Dated: July 17, 2018

**VENABLE LLP**

By: /s/ Witt W. Chang
Celeste M. Brecht
Witt W. Chang
Attorneys for Defendants
CALIFORNIA STEM CELL TREATMENT CENTER, INC., CELL SURGICAL NETWORK CORPORATION, ELLIOT B. LANDER, and MARK BERMAN