UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>CALIFORNIA STEM CELL TREATMENT CENTER, INC. , et al.<br><br><br>Defendant(s). | CASE NO:<br>5:18−cv−01005−JGB−KK<br><br>SCHEDULING CONFERENCE<br><br>Date: October 1, 2018<br>Time: 11:00 AM<br>Location: Courtroom 1<br>3470 Twelfth Street<br>Riverside, California 92501 |

**READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    This case has been assigned to Judge Jesus G. Bernal. This matter is set for a scheduling conference on the above date. If plaintiff has not already served the operative complaint on all defendants, plaintiff *promptly* shall do so and shall file proofs of service within three days thereafter. Defendants also timely shall serve and file their responsive pleadings and file proofs of service within three days thereafter. At the scheduling conference, the Court will set a date by which motions to amend the pleadings or add parties must be heard.

    The conference will be held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties are reminded of their obligations under Rule 26(f)

to confer on a discovery plan not later than 21 days before the scheduling conference and to e–file a "Joint Rule 26(f) Report" with the Court not later than 14 days before the conference. Mandatory paper chambers copies of the Joint Rule 26(f) Report must be delivered to Judge Bernal's drop box outside the door of Courtroom 1 by 5:00 p.m. on the first court day following the e–filing.

The Court encourages counsel to begin to conduct discovery actively *before* the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.

This Court does not exempt parties appearing *in propria persona* from compliance with any of the Local Rules, including Local Rule 16. "Counsel," as used in this order, includes parties appearing *in propria persona*.

### 1.   Joint Rule 26(f) Report

The Joint Rule 26(f) Report, which shall be filed **not later than 14 days** before the scheduling conference, shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately–represented parties there are. The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page. It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and L.R. 26:

   a.   Statement of the Case:  A short synopsis (not to exceed two pages) of the main claims, counterclaims and affirmative defenses.

   b.   Subject Matter Jurisdiction:  A statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.

   c.   Legal Issues:  A brief description of the **key legal issues**, including any unusual substantive, procedural or evidentiary issues.

    d.    <u>Parties, Evidence, etc.</u>:  A list of parties, witnesses and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.

    e.    <u>Damages</u>:  The realistic range of provable damages.

    f.    <u>Insurance</u>:  Whether there is insurance coverage, the extent of of coverage and whether there is a reservation of rights.

    g.    <u>Motions</u>:  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

    h.    <u>Manual for Complex Litigation</u>:  Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

    i.    <u>Status of Discovery</u>:  A discussion of the present state of discovery, including a summary of completed discovery.

    j.    <u>Discovery Plan</u>:  A detailed discovery plan, as contemplated by Rule 26(f). State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

    k.    <u>Discovery Cut–off</u>:  A proposed discovery cut–off date. This means the final day for **completion of discovery**, including resolution of all discovery motions.

    l.    <u>Expert Discovery</u>:  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut–off under Rule 26(a) (2).

    m.    <u>Dispositive Motions</u>:  A description of the issues or claims that any any party believes may be determined by motion for summary judgment or motion *in limine*.

n. Settlement/Alternative Dispute Resolution (ADR): A statement of what settlement discussions or written communications have occurred **(excluding any statement of the terms discussed)**. If counsel have received a Notice to Parties of Court−Directed ADR Program (Form ADR−08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense). If the parties jointly desire a settlement conference with the assigned magistrate judge, they should so indicate in their report. No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties, have appeared at an ADR proceeding.

o. Trial Estimate: A realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling.

p. Trial Counsel: The name(s) of the attorney(s) who will try the case.

q. Independent Expert or Master: Whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

r. Timetable: **Complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report.** Each side should write in the month, day, and year it requests for each event. At the conference, the Court will review this form with counsel. Each entry proposing Court dates shall fall on a Monday, except the trial date, which is a Tuesday. Counsel should insure that requested dates do not fall on a holiday. In appropriate cases the Court will order different dates after it hears from counsel. The discovery cut−off

date is the last day by which all depositions must be completed, responses to previously−served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut−off date for motions is the last date on which motions may be **heard**, not filed.

    s.    <u>Other Issues</u>:  A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non−English speaking witnesses, ADA−related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above−described information under section headings corresponding to those in this Order.

**2.**    **<u>Scheduling Conference</u>**

Scheduling conferences will be held in Courtroom 1, 3470 Twelfth Street, Riverside, California. Counsel shall comply with the following:

    a.    <u>Participation</u>:  **Lead trial counsel for all parties must be present.** Counsel must be prepared to discuss the substantive issues in the case and authorized to address scheduling with the Court and opposing counsel.

    b.    <u>Continuances</u>:  A continuance of the scheduling conference will be granted only for good cause.

**3.**    **<u>Notice to be Provided by Counsel</u>**

Plaintiff's counsel or, if plaintiff is appearing pro se, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

### 4. Court's Website

Copies of this and all other orders of this Court that may become applicable to this case are available on the Central District of California website, at www.cacd.uscourts.gov, under "Judge's Procedures and Schedules." Copies of the Local Rules are available on the website.[1]

**IT IS SO ORDERED.**

Dated: July 18, 2018

/s/ Jesus G. Bernal

Jesus G. Bernal
United States District Judge

---

[1] They may also be purchased from one of the following:

| Los Angeles Daily Journal | West Publishing Company | Metropolitan News |
| --- | --- | --- |
| 915 East First Street | 50 West Kellogg Blvd. | 210 South Spring Street |
| Los Angeles, CA 90012 | St. Paul, MN 55164–9979 | Los Angeles, CA 90012 |

JUDGE JESUS B. BERNAL
EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| | |
|---|---|
| **Case No.** | |
| **Case Name** | |

| Matter | Plaintiff(s)' Request mo/day/year | Defendant(s)' Request mo/day/year | Court's Order |
|---|---|---|---|
| ☐ Jury Trial or ☐ Court Trial **(Tuesday at 9:00 a.m.)** Length: _____ Days | | | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday – two (2) weeks before trial date)** | | | |
| Last Date to Conduct Settlement Conference | | | |
| Last Date to *Hear* Non–discovery Motions (Monday at 9:00 a.m.) | | | |
| All Discovery Cut–Off (including hearing all discovery motions) | | | |
| Expert Disclosure (Rebuttal) | | | |
| Expert Disclosure (Initial) | | | |
| Last Date to Amend Pleadings or Add Parties | | | |

ADR [L.R. 16–15] Settlement Choice:

☐ Attorney Settlement Officer Panel

☐ Private Mediation

☐ Magistrate Judge

Revised – July 2013                –7–