JOSEPH H. HUNT
Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
ALAN P. PHELPS
Assistant Director
NATALIE N. SANDERS
Trial Attorney
        Consumer Protection Branch
        U.S. Department of Justice
        450 5th Street, NW, Suite 6400-South
        Washington, D.C. 20530
        Telephone: (202) 598-2208
        Facsimile: (202) 514-8742
        E-mail: Natalie.N.Sanders@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CALIFORNIA STEM CELL<br>TREATMENT CENTER, INC.,<br>*et al.*<br><br>      Defendants. | No. 5:18-CV-01005-JBG-KKx<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR BRIEF EXTENSION OF TIME TO FILE PLAINTIFF'S REPLY REGARDING ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Summ. J. Hearing:    Dec. 9, 2019<br>Trial Date:           Feb. 11, 2020<br><br>Hon. Jesus G. Bernal |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff United States of America hereby makes this unopposed *ex parte* application ("Application") for an order continuing the deadline to serve Plaintiff's Reply Regarding Its Motion For Summary Judgment ("Reply") by 11 days – from September 13, 2019 to September 24, 2019.  Defendants California Stem Cell Treatment Center, Inc., Cell Surgical Network Corporation, Elliot B. Lander, M.D. and Mark Berman, M.D. (collectively, "Defendants"), through their counsel, do not oppose this Application.

Good cause exists to grant this Application, as follows:

• The requested continuance of the deadline is to accommodate a serious medical injury recently sustained by Plaintiff's lead trial attorney ("Counsel"), who has been handling this matter since its inception.  Complications from Counsel's unexpected injury frustrate her ability to meet the current filing deadline, despite her diligence.

• The requested and unopposed continuance will not result in prejudice to any of the parties.

• The requested and unopposed continuance will not impact any other court-ordered deadlines.

This unopposed *ex parte* application is based on this Application, the attached memorandum of points and authorities, the concurrently filed declaration of Natalie N. Sanders ("Sanders Decl."), the pleadings on file in this action, and any other matter as the Court may consider in connection with this Application.

## STATEMENT OF CONFERENCE OF THE PARTIES

This Application is made following the conference of counsel which took place on September 10, 2019.  Undersigned Counsel gave notice of this development as soon as she realized there was no alternative course of action to address the ongoing challenges posed by her health condition.  Undersigned Counsel has conferred with counsel for

1  Defendants, Matthew M. Gurvitz ("Gurvitz")[1] of Venable LLP, who stated that

2  Defendants do not oppose Plaintiff's Application.  Sanders Decl. ¶¶ 5-7.

3

4  Dated: September 10, 2019.

5                                                    Respectfully submitted,

6

7                                                    /s/ Natalie N. Sanders
                                                     NATALIE N. SANDERS
8                                                    Trial Attorney
                                                     Consumer Protection Branch
9
                                                     *Counsel for United States of*
10                                                   *America*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
_____

28
[1] Per Local Rule 7-19, Gurvitz's contact information is as follows: Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, CA 90067; (310) 229-9930; and MMGurvitz@Venable.com.

## MEMORANDUM OF POINTS AND AUTHORITIES

Good cause exists to grant Plaintiff's unopposed *ex parte* request for a brief extension of the time to file its Reply.

Plaintiff's Reply is due to be served on September 13, 2019.  For reasons set forth herein, Plaintiff respectfully requests a brief continuance of this deadline to September 24, 2019.

## FACTS

On July 8, 2019, Plaintiff timely filed its Motion for Summary Judgment ("Motion") in the above-captioned matter, which was noticed for hearing on August 5, 2019.  Dkt. No. 45.

On July 10, 2019, the Court issued a Minute Order, on its own motion, continuing the hearing on Plaintiff's Motion to December 9, 2019, and ordering the parties to propose a revised briefing schedule and revised pretrial deadlines.  Dkt. No. 56.

On July 24, 2019, the parties filed a joint stipulation, Dkt. No. 57, containing the following proposed briefing schedule:

- Defendants' opposition shall be due by August 9, 2019 ("Opposition").
- Plaintiff's reply shall be due by September 13, 2019.

On July 25, 2019, the Court issued an Order Regarding Briefing Schedule and Pre-Trial Schedule ("Order") granting the parties' proposed briefing schedule.  The Order also set the Final Pre-Trial Conference for January 27, 2020, and Trial for February 11, 2020.  Dkt. No. 58.

On August 17, 2019—eight days after Defendants' Opposition was filed— Plaintiff's lead trial counsel ("Counsel") sustained a serious musculoskeletal injury to her neck, back, and shoulder.  Declaration of Natalie N. Sanders ("Sanders Decl.") ¶ 2. Counsel's unexpected injury has caused her severe, and at times, debilitating pain over the past four weeks.  *Id.*  Although Counsel has continued working diligently on the Reply and related filings, her injury has significantly impacted her ability to handle her casework in this matter.  *Id.*  ¶¶ 3-4.

4

Without a brief continuance of the Reply deadline, Counsel lacks the requisite time needed to finalize the Reply and related filings.  *Id.* ¶ 5.

## ARGUMENT

### Good Cause Exists To Grant This Application

Good cause exists pursuant to Rules 16(b)(4) and 6(b)(1) of the Federal Rules of Civil Procedure to modify the upcoming filing deadline for Plaintiff's Reply in this matter.  *Ex parte* relief is warranted and justified in this case because (1) Plaintiff will be irreparably prejudiced absent *ex parte* relief; and (2) Plaintiff is without fault for creating the circumstances warranting *ex parte* relief.  *See* Schwarzer, et al., RUTTER GROUP PRACTICE GUIDE: FED. CIV. PROC. BEFORE TRIAL, CAL., ¶ 12:170 ("RUTTER GUIDE"), citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A pre-trial scheduling may be continued and modified by the Court for good cause shown.  Fed. R. Civ. Proc. 16(b)(4); *see also* Fed. R. Civ. Proc. 6(b)(l) (continuance may be granted for good cause if, as here, request is made before original time to act expires). If a party has acted in due diligence, but will have difficulty in meeting a scheduled pre-trial deadline, good cause exists for continuance or modification of the deadline.  *See Zivkovic v. Southern California Edison*, 302 F. 3d 1080, 1087 (9th Cir. 2002).  The focus of the court's inquiry is on the moving party's reasons for continuance, and not on the prejudice to the other parties in the case.  *Johnson v. Mammoth Recreations, Inc.,* 975 F. 2d 604, 608 (9th Cir. 1992).  That said, the brief 11-day continuance that Plaintiff seeks will not prejudice the Defendants, as ample time would remain before the Motion hearing on December 9.

As further noted in the Declaration of Natalie N. Sanders, and in this *ex parte* Application, Counsel for Plaintiff has been suffering, and currently still suffers, with the effects of a physically debilitating injury that occurred approximately one week into the five-week briefing window provided for Plaintiff's Reply.  Although Counsel has

diligently continued to work on the Reply and related filings since sustaining her injury, her condition has significantly limited her for the past four weeks. Counsel's condition makes it extremely painful to sit in a chair or use a computer for extended periods of time – as these activities cause severe pain in her neck, back, and shoulder. Counsel's condition has also required her to take sick leave, see specialists, undergo medical imaging, wear a neck brace, and take prescription medication, among other things. Sanders Decl. ¶ 4.

Because Counsel is the only trial attorney in her office assigned to this case, she alone has the background and experience to handle Plaintiff's Reply. Despite Counsel's diligent efforts to work through her injury and meet the current filing deadline, it has become apparent that a brief continuance is necessary. Accordingly, Plaintiff respectfully requests a brief continuance to permit Counsel to finalize the Reply and its related filings at a pace consistent with the practical limitations of her injury. *Id.* ¶ 5.

## **CONCLUSION**

For the foregoing reasons and pursuant to the foregoing authorities, Plaintiff United States hereby respectfully requests that the Court grant this Application for an order extending the deadline to file Plaintiff's Reply by 11 days—from September 13, 2019 to September 24, 2019. No other court-ordered deadlines will be affected.

Dated: September 10, 2019

Respectfully submitted,

/s/ Natalie N. Sanders
NATALIE N. SANDERS
Trial Attorney
Consumer Protection Branch

*Counsel for United States of America*

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of September 2019, I electronically filed a true and correct copy of the foregoing PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR BRIEF EXTENSION OF TIME TO FILE PLAINTIFF'S REPLY REGARDING ITS MOTION FOR SUMMARY JUDGMENT, through the Court's CM/ECF system, which will send a notice of electronic filing to the following counsel of record listed below:

> Celeste M. Brecht
> Matthew M. Gurvitz
> Norma N. King
> Witt W. Chang
> VENABLE LLP

> */s/ Natalie N. Sanders*
> NATALIE N. SANDERS