JOSEPH H. HUNT
Assistant Attorney General
DAVID M. MORRELL
Deputy Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
NATALIE N. SANDERS
Trial Attorney
        Consumer Protection Branch
        U.S. Department of Justice
        450 5th Street, NW, Suite 6400-South
        Washington, D.C. 20530
        Telephone: (202) 598-2208
        Facsimile: (202) 514-8742
        E-mail: Natalie.N.Sanders@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STEM CELL TREATMENT CENTER, INC., *et al.*<br><br>Defendants. | No. 5:18-CV-01005-JGB-KKx<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO, AND NOTICE OF MOTION AND MOTION TO STRIKE, THE DECLARATION OF ELLIOT LANDER, M.D. SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  December 9, 2019<br>Hearing Time:  9:00 a.m.<br>Courtroom:  Riverside Courthouse<br>  3470 Twelfth Street<br>  Riverside, CA 92501<br>  Courtroom 1, 2nd Floor<br><br>Hon. Jesus G. Bernal |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 9, 2019, at 9:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled Court, Plaintiff United States of America will, and hereby does, move for an order to strike the Declaration of Elliot Lander, M.D., as an undisclosed expert opinion.  The motion will be made in the Riverside Courthouse before the Honorable Jesus G. Bernal, United States District Judge, located at 3470 Twelfth Street, Riverside, CA 92501.

This motion is made upon this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Evidentiary Objections, the declaration of Natalie N. Sanders in support hereof, all pleadings, records, and other documents on file with the Court in this action, and upon such further oral argument and evidence as may be presented in connection with the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 19, 2019.  Defendants, through counsel, advise that they will oppose this motion.

 DATED: September 24, 2019.

Respectfully Submitted.

JOSEPH H. HUNT
Assistant Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General
Civil Division

GUSTAV W. EYLER
Director
Consumer Protection Branch

*/s/ Natalie N. Sanders*
NATALIE N. SANDERS
Trial Attorney
Consumer Protection Branch

*Counsel for United States of America*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Of Counsel:

ROBERT P. CHARROW
General Counsel

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
Department of Health and Human Services

PERHAM GORJI
Deputy Chief Counsel for Litigation

MICHAEL SHANE
Associate Chief Counsel for Enforcement
United States Food and Drug Administration
Office of the Chief Counsel
White Oak 31, Room 4554
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002
Telephone: 301-796-8593

JOSEPH H. HUNT
Assistant Attorney General
DAVID M. MORRELL
Deputy Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
NATALIE N. SANDERS
Trial Attorney
        Consumer Protection Branch
        U.S. Department of Justice
        450 5th Street, NW, Suite 6400-South
        Washington, D.C. 20530
        Telephone: (202) 598-2208
        Facsimile: (202) 514-8742
        E-mail: Natalie.N.Sanders@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>CALIFORNIA STEM CELL<br>TREATMENT CENTER, INC.,<br>*et al.*<br><br>           Defendants. | No. 5:18-CV-01005-JBG-KKx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF ELLIOT LANDER, M.D. SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:    August 5, 2019<br>Hearing Time:    9:00 a.m.<br>Courtroom:        Riverside Courthouse<br>                          3470 Twelfth Street<br>                          Riverside, CA 92501<br>                          Courtroom 1, 2nd Floor<br><br>Hon. Jesus G. Bernal |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I.     INTRODUCTION ......................................................................................1

       A. NATURE OF THE CASE ................................................................1

       B. SUMMARY OF THE ARGUMENT .................................................1

       C. PROCEDURAL BACKGROUND ....................................................2

II.    LEGAL ARGUMENT ................................................................................4

       A. EXCLUSION IS THE APPROPRIATE REMEDY FOR FAILING TO FULFILL THE
       REQUIRED  EXPERT DISCLOSURE REQUIREMENTS OF RULE 26(A) .............................4

       B. DEFENDANTS SHOULD NOT BE PERMITTED TO INTRODUCE AND RELY UPON
       UNDISCLOSED EXPERT WITNESS TESTIMONY TO AVOID SUMMARY JUDGMENT .........6

            1. The Lander Declaration Goes Beyond the Scope of Permissible Lay Witness
            Opinion Testimony ....................................................................................6

            2. Defendant Lander Was Not Disclosed as an Expert Witness Under Rule 26 .. 9

            3. Defendants' Failure to Timely Disclose Defendant Lander as a Non-Retained
            Expert Witness Is Neither Justified Nor Harmless ...............................9

III. CONCLUSION ...........................................................................................12

EXHIBIT A: PLAINTIFF'S EVIDENTIARY OBJECTIONS ......................................16

i

# TABLE OF AUTHORITIES

**CASES**

*Carson Harbor Village, Ltd. v. Unocal Corp.*,
   2003 WL 22038700 (C.D. Cal. 2003) ...........................................................9

*Evans v. DSW, Inc.*,
   2018 WL 6920674 (C.D. Cal. Aug. 17, 2018) ...............................................9

*Guzman v. Bridgepoint Educ., Inc.*,
   305 F.R.D. 594 (S.D. Cal. 2015) ...................................................................5

*Greyhound Corp. v. Superior Court of Merced Cty.*
   (1961) 56 Ca1.2d 355 .....................................................................................4

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ........................................................................................4

*Humboldt Baykeeper v. Union Pac. R. Co.*,
    2010 WL 2179900 (N.D. Cal. May 27, 2010).........................................7, 11

*Lanard Toys Ltd. v. Novelty, Inc.*,
   375 F. App'x 705 (9th Cir. 2010) ..................................................................9

*Minebea Co., Ltd. v. Papst*,
   231 F.R.D. 3 (D.D.C. 2005)................................................................5, 10, 11

*Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*,
   248 F.3d 29 (1st Cir. 2001)............................................................................6

*Seifert v. United States*,
   2005 WL 3439010 (E.D. Cal. Dec. 14, 2005) .............................................12

*United States v. Figueroa–Lopez*,
   125 F.3d 1241 (9th Cir. 1997) ....................................................................7, 8

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ...............................................................5, 6, 9

ii

1
2

## FEDERAL RULES

3
4

Fed. R. Civ. P. 26(a)(2) ...................................................................................9

5

Fed. R. Civ. P. 26(a)(2)(A) .........................................................................5, 12

6

Fed. R. Civ. P. 26(a)(2)(B) ...........................................................................3, 5

7
8

Fed. R. Civ. P. 26(a)(2)(C) ...........................................................................3, 5

9

Fed. R. Civ. P. 26(a)(2)(D) ...............................................................................5

10

Fed. R. Civ. P. 26(e) ..........................................................................................6

11
12

Fed. R. Civ. P. 37 ...............................................................................................5

13

Fed. R. Civ. P. 37(c)(1) ..................................................................................5, 6

14

Fed. R. Civ. P. 56 .............................................................................................10

15
16

Fed. R. Evid. 701 ....................................................................................1, 6, 8, 12

17

Fed. R. Evid. 702 ......................................................................................*passim*

18
19

Fed. R. Evid. 703 ...............................................................................................5

20

Fed. R. Evid. 705 ...............................................................................................5

21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

### A.   Nature of the Case

Plaintiff ("the Government") brought this action to enjoin Defendants, including California Stem Cell Treatment Center, Inc. ("CSCTC") and Elliot Lander, M.D. ("Defendant Lander"), from violating the law and endangering patients. Pl.'s Mot. Summ. J. ("MSJ") at 13-23.  The Government moved for summary judgment on the grounds that there is no genuine issue of material fact as to whether Defendants violate the Federal Food, Drug, and Cosmetic Act ("FDCA") by manufacturing and delivering unapproved experimental drugs, purportedly to treat a variety of serious diseases and conditions ("Summary Judgment Motion") (D.E. 45).  The undisputed evidence and Defendants' admissions demonstrate that Defendants' products are both adulterated and misbranded under the FDCA.  The United States is thus entitled to judgment as a matter of law, and to a permanent injunction barring Defendants from manufacturing and delivering their unlawful products.

### B.   Summary of the Argument

In support of their opposition to the Government's Summary Judgment Motion ("Opposition"), Defendants filed the Declaration of Elliot Lander, M.D. ("Lander Declaration") (D.E. 59-2).  Although Defendant Lander was not designated to testify as an expert in this matter, the Lander Declaration is replete with opinions and testimony of a character that could only be admissible as "scientific, technical, or other specialized knowledge within the scope of Rule 702."  *See* Fed. R. Evid. 701 (forbidding such opinion testimony from a lay witness).

The Court should strike the Lander Declaration as an undisclosed expert opinion, and should preclude Defendant Lander from offering expert testimony in this matter because the deadlines for disclosing expert witnesses and completing expert discovery

1

closed months ago, on or shortly after May 20, 2019. Given Defendants' failure to designate Defendant Lander as a non-retained expert during the expert witness discovery period—along with their failure to provide a summary of Defendant Lander's facts and opinions in this matter—Defendants should not now be permitted to rely on the Lander Declaration in opposition to the Government's Summary Judgment Motion.

## C. **Procedural Background**

In its original Scheduling Order (ECF No. 30), the Court set, *inter alia*, the following deadlines:

- Deadline for Initial Designation of Expert Witnesses: April 22, 2019
- Deadline for Designation of Rebuttal Expert Witnesses: May 6, 2019
- All Discovery Cut-off: May 20, 2019

On April 19, 2019, Defendants filed an *Ex Parte* Application for Extension of Time to Serve Expert Designations and Conduct Rebuttal Expert Depositions ("*Ex Parte* Application") (ECF No. 37). Defendants proposed a two-week extension of time to serve initial expert designations, and a two-week extension of time to serve rebuttal designations. Defendants further proposed that the All Discovery Cut-off would remain unchanged, except that the deadline to conduct rebuttal expert depositions only would be extended by three weeks. The Government did not oppose Defendants' *Ex Parte* Application, which the Court later granted. (ECF No. 38) Accordingly, Scheduling Order deadlines were revised as follows:

- Deadline for Initial Designation of Expert Witnesses: May 6, 2019
- Deadline for Designation of Rebuttal Expert Witnesses: May 20, 2019
- All Discovery Cut-off: May 20, 2019
    - *except* Deadline to Conduct Rebuttal Expert Depositions: June 10, 2019

On May 6, 2019, the parties exchanged their initial expert designations and expert reports in accordance with the Court's revised schedule. The Government disclosed six U.S Food and Drug Administration ("FDA") employee witnesses—namely, Doran Fink,

2

Christopher Joneckis, Larissa Lapteva, M.D., Randa F. Melhem, Karlton T. Watson, and Carolyn Yong ("Dr. Yong")—none of whom were retained or specially employed to provide expert testimony in this case. For each of its six non-retained witnesses, the Government provided a detailed written report meeting the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), even though such a report is not required for such non-retained witnesses under Rule 26(a)(2)(C). Sanders Decl. ISO Motion to Strike at ¶ 3.

Defendants designated only one initial expert witness—a retained expert named Lola M. Reid, Ph.D ("Reid"). Defendants' expert witness disclosure was accompanied by a written report which set forth, among other things, all the expert opinions that Reid would express in this matter. Defendants did not designate Defendant Lander as an initial expert witness on May 6, the date of the Court-ordered deadline. Neither did Defendants produce a written report for Defendant Lander, nor provide a summary of Defendant Lander's facts and opinions on this date. *See* Sanders Decl. ISO Motion to Strike at ¶ 4.

On May 20, 2019, the Government designated its rebuttal experts—Drs. Lapteva and Yong—and timely produced detailed expert rebuttal reports from Drs. Lapteva and Yong in compliance with the Court-ordered deadline. Defendants did not designate any rebuttal witness or produce any rebuttal reports on this date. *See* Sanders Decl. ISO Motion to Strike at ¶ 5. Discovery closed on this same date, with a limited exception for the conduct of expert depositions.[1]

On June 6, 2019, Defendants took Dr. Yong's deposition, as the Government's designated initial and rebuttal expert in this matter. *See* Sanders Decl. ISO Motion to Strike at ¶ 6.

On June 7, 2019, the Government took the deposition of Lola M. Reid, Ph.D.—the

---

[1] Pursuant to a Joint Stipulation to Extend Deposition Deadline As To Two Expert Witnesses (ECF No. 39) filed and granted on May 17, 2019, the parties had until June 10, 2019, to complete depositions of Drs. Yong and Reid as initial experts in this matter. (ECF No. 40) Thus, June 10, 2019, ultimately became the deadline to conduct both initial and rebuttal expert depositions in this matter. All other discovery remained closed as of May 20, 2019.

Defendants' sole designated expert in this matter.  *See* Sanders Decl. ISO Motion to Strike at ¶ 7.

One month later, on July 8, 2019, the Government timely filed its Summary Judgment Motion.  (ECF No. 45)

On August 9, 2019, Defendants filed their Opposition to the Government's Summary Judgment Motion (ECF No. 59).  In support of their Opposition, Defendants attached the Lander Declaration (ECF No. 59-2), which disclosed for the first time Defendant Lander's extensive opinion testimony that, to be admissible at all, would need to qualify as Rule 702 testimony based on "scientific, technical, or other specialized knowledge."  Fed. R. Evid. 702 (Testimony by Expert Witnesses); *cf.* Lander Decl. at ¶¶ 1-6.  Defendants' Opposition relies heavily on the Lander Declaration, using it to dispute 34 of the Government's 68 Statements of Undisputed Fact, and citing it as the *sole* evidence for 41 of Defendants' 62 Statements of Additional Material Facts.  *See generally* Defs.' Statement of Genuine Disputes of Material Fact ("SGD") (ECF No. 59-1).

## II.   <u>LEGAL ARGUMENT</u>

### A.   **Exclusion Is the Appropriate Remedy for Failing to Fulfill the Required Expert Disclosure Requirements of Rule 26(a)**

The purpose of the discovery process is to remove the element of surprise.  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *see also Greyhound Corp. v. Superior Court of Merced Cty.* (1961) 56 Ca1.2d 355, 376 (The purpose of the discovery statutes are to "safeguard against surprise" and to "do away with the sporting theory of litigation— namely, surprise at trial.") (internal quotations omitted).  This purpose is accomplished by requiring parties to comply with all applicable discovery rules before trial, and by sanctioning discovery abuses to ensure that no party benefits—whether at trial, at a hearing, or on a motion—from its failure to comply with those discovery rules.

It is indisputable that expert opinions are relevant information and should be

1   disclosed in the course of discovery.  Indeed, Rule 26 of the Federal Rules of Civil

2   Procedure mandates that "a party must disclose to the other parties the identity of any

3   witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703,

4   or 705."  Fed. R. Civ. P. 26(a)(2)(A).  This mandatory disclosure of expert witnesses must

5   also be accompanied by: *(1) for retained or specially employed experts:* a written report,

6   prepared and signed by the witness, containing a complete statement of all opinions the

7   witness will express and the basis and reasons therefor or *(2) for all other experts:*

8   disclosure of the subject matter on which the witness is expected to present evidence under

9   Federal Rules of Evidence 702, 703, or 705, and a summary of the facts and opinions to

10  which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(B)-(C).  Parties must

11  make these mandatory expert disclosures *at the times and in the sequence that the Court*

12  *orders*.  Fed. R. C. P. 26(a)(2)(D) (emphasis added).

13       The central purposes of the mandatory expert disclosure requirement are to "prevent

14  unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to

15  depose the expert in advance of trial, and to prepare for depositions and cross-examination

16  at trial."  *Minebea*, 231 F.R.D. at 5-6.  The Rule is designed to prevent experts from "lying

17  in wait" to express new opinions at the last minute, thereby denying the opposing party

18  the opportunity to depose the expert on the information or closely examine the expert's

19  testimony.  *Id.* at 6.

20       It is Rule 37(c)(1) that "gives teeth to these requirements" by forbidding the use of

21  any witness or information "required to be disclosed by Rule 26(a) that is not properly

22  disclosed."  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

23  Cir. 2001); Fed. R. Civ. P. 37(c)(1).  This "self-executing" and "automatic" sanction is

24  intended to provide "a strong inducement for disclosure of material that the disclosing

25  party would expect to use as evidence, whether at a trial, at a hearing, *or on a motion, such*

26  *as one under Rule 56*."  Fed. R. Civ. P. 37 Advisory Committee's Note (1993).  This is

27  because "[p]arties, aware of the 'self-executing' and 'automatic' nature of Rule 37(c)(1)

28

sanctions, have a right to expect that only disclosed witnesses will be used to support the disclosing party's claims and defenses." *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 604 (S.D. Cal. 2015); *see also* Fed. R. Civ. P. 26(e).  For that reason, a party who, without substantial justification, fails to properly disclose its experts, and their required expert reports or summaries, is barred from introducing as evidence both the undisclosed witness and the information.  Fed R. Civ. P. 37(c)(1).  Such a failure to abide by the discovery principles is so serious that courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded.  *Yeti by Molly*, 259 F.3d at 1106 (citing approvingly *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) (although the exclusion of an expert would prevent plaintiff from making out a case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1))).

### B.     Defendants Should Not Be Permitted to Introduce and Rely Upon Undisclosed Expert Witness Testimony to Avoid Summary Judgment

To determine whether the Lander Declaration should be excluded under Rule 37(c)(1), the Court must determine three things: (1) whether Defendant Lander's testimony goes beyond the scope of lay witness opinion testimony, and is therefore expert testimony under Rules 701 and 702 of the Federal Rules of Evidence; (2) whether Defendants failed to disclose Defendant Lander as an expert witness, as required by Rule 26 of the Federal Rules of Civil Procedure; and (3) whether Defendants' failure to disclose was "substantially justified or harmless." *Yeti by Molly*, 259 F.3d at 1106.

### 1.     <u>The Lander Declaration Goes Beyond the Scope of Permissible Lay Witness Opinion Testimony</u>

The Lander Declaration purports to be lay witness testimony.  But there can be no question that virtually every paragraph of the Lander Declaration exceeds the scope of permissible lay witness testimony. Evidence Rule 701 states, in relevant part, that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one

that is . . . (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[2]  Fed. R. Evid. 701.

Although a lay witness may testify based on their own experience, lay witness observations and opinions must be "common"—meaning that they must be based on common observations or experience, and must not require expertise.  *See Humboldt Baykeeper v. Union Pac. R. Co.*, No. C 06-02560 JSW, 2010 WL 2179900, at *1 (N.D. Cal. May 27, 2010); *United States v. Figueroa–Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (holding that opinion by lay witness on observations that were not "common," but required demonstrable expertise, was improper lay witness testimony).  However, even a cursory review of the Lander Declaration reveals that substantial portions thereof go beyond the scope of permissibly lay witness opinion testimony, as Defendant Lander purports to testify to matters of expertise beyond "common" observations or experience.  *See Humboldt*, 2010 WL 2179900 at *1; Lander Decl. ¶¶ 7-29.  For example, Defendant Lander testifies regarding a range of scientific, technical, or highly specialized topics, including: the enzymatic dissociation of tissue (¶ 7), the cellular composition of adipose tissue (¶ 8), the effect of centrifugation on the biological properties of cells (¶ 9), the effect of collagenase on the phenotypic traits and biological properties of cells—even attaching and citing two scientific publications in support of his opinion (¶ 10), autologous cell transplants (¶ 11), scientific literature supporting his opinions about the lack of substantive alteration of cells—even attaching and citing to four scientific publications (¶ 12), a scientific publication on the impact of collagenase on the viability, yield, and differentiation of cells—even attaching and citing to such publication (¶ 13), the effect of

---

[2] By contrast, Evidence Rule 702 states that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."
Fed. R. Evid. 702.

cell isolation on the DNA and biologic features of cells (¶ 14), requirements for the strength, quality, and purity of drugs (¶ 15), his administration of stromal and vascular cells to patients (¶ 16), the alteration of tissues and cells as performed in "thousands of surgeries every day" by surgeons generally (¶ 17), the routine work of surgeons generally (¶ 18), FDA regulation of centrifugated bone marrow (¶ 19), intra-operative surgical use of autologous fat to repair dural brain defects (¶ 20), vein and artery grafts (¶ 21), publication of his own safety and efficacy studies in peer-reviewed scientific literature—even attaching such publication in support of his opinion (¶ 22), analysis of adverse event data for intra-articular injections and intravenous infusions for orthopedic and non-orthopedic conditions (¶ 23), the scientific literature's purported confirmation of the safety of autologous treatment with mesenchymal stem cell transplants—even attaching and citing to nine scientific publication in support of his opinion (¶ 24), the compliance of his operation rooms with California State Medical Board health and safety standards (¶ 25), his opinion on the causation of adverse events associated Defendants' administration of stromal and vascular cells (¶ 26), Institutional Review Board (IRB) assessments of the link between Defendants' administration of stromal and vascular cells and associated adverse events (¶ 27), his interpretation of patient medical records (¶ 28), and an overview of the scientific and medical knowledge, skill, experience, and training that permits him to provide the opinions and conclusions expressed in the Lander Declaration (¶¶ 1-6, 29).

There can be no doubt that the opinions in the Lander Declaration require a high level of expertise and "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Defendant Lander's testimony does not "result from a process of reasoning familiar in everyday life," but rather "a process of reasoning which can only be mastered by specialists in the field." *See id.* Advisory Committee's Note (2000). Because such opinions and conclusions are not based on common observations or experience, but instead "demonstrable expertise," *Figueroa–Lopez*, 125 F.3d at 1246 such testimony goes beyond the scope of lay witness opinion testimony under Evidence Rules 701 and 702 and, thus,

constitutes expert witness testimony.

### 2. Defendant Lander Was Not Disclosed as an Expert Witness Under Rule 26

As explained in the Procedural Background section, *supra*, Defendants have never disclosed Defendant Lander as an expert witness in this matter. Defendants' Rule 26(a)(1) Initial Disclosures, which were served on the Government on September 24, 2018, and which have not been amended or supplemented since, disclose only three lay witnesses by name (namely, Defendant Lander, Defendant Mark Berman, and Sean Berman) and no expert witnesses are identified. Defendant Lander is merely identified as having discoverable information regarding "the stromal vascular fraction ("SVF") procedure, including the use of SVF, and information regarding the SVF procedure" and "FDA Inspections of CSCTC facilities." *See* Sanders Decl. ISO Motion to Strike at ¶ 2, Exh. A. There is no mention of Defendant Lander's intention to serve as an expert witness in this case, nor is there any fair notice—let alone a summary—of the litany of scientific, technical, and highly specialized topics on which Defendant Lander has belatedly opined.

Because Defendants did not properly disclose Defendant Lander as an expert witness and failed to provide a written expert report or even a summary of the facts and opinions to which Defendant Lander was expected to testify—and because the expert discovery cut-off date in this action passed more than three months ago—Defendants clearly failed to comply with Federal Rule of Civil Procedure 26(a)(2).

### 3. Defendants' Failure to Timely Disclose Defendant Lander as a Non-Retained Expert Witness Is Neither Justified Nor Harmless

Excluding Defendants' expert evidence as a sanction for their failure to timely disclose Defendant Lander as an expert witness is automatic and mandatory unless Defendants can show the violation is either justified or harmless. *See Carson Harbor Village, Ltd. v. Unocal Corp.*, 2003 WL 22038700, *2 (C.D. Cal. 2003) (internal quotes and citation omitted). The Ninth Circuit has provided factors that may be used to "guide

a district court in determining whether a violation of a discovery deadline is justified or harmless", including "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). Here, the burden is on the Defendants, as the party facing exclusion of its expert's testimony, to prove the delay was justified or harmless. *Yeti by Molly*, 259 F.3d at 1107.

An assessment of the foregoing factors confirms that Defendants' failure to comply with Rule 26(a) disclosures obligations mandates preclusion of Defendant Lander's expert declaration and testimony. *See, e.g.*, *Evans v. DSW, Inc.*, 2:16-cv-03791 JGB (SPx), 2018 WL 6920674, at *6 n. 2 (C.D. Cal. Aug. 17, 2018) (sustaining plaintiff's objection to and excluding an expert report where defendants had failed to designate the individual as an expert prior to relying on his report, and failed to produce the expert report to plaintiff in discovery). If this Court were to hold otherwise—despite Defendants' failure to designate Defendant Lander as an expert witness before the close of discovery, and concomitant failure to provide a written report or summary of the facts and opinions to which Defendant Lander was expected to testify—the Government will be irreparably prejudiced because it (1) was unfairly surprised by the Lander Declaration and Defendants' intention to have Defendant Lander testify to the facts and opinions set forth therein, (2) was prevented from conducting additional expert discovery in preparation of trial, (3) was induced to submit a complex Summary Judgment Motion[3] without notice of Defendants' incomplete expert discovery, and (4) is forced to try to meet Defendant Lander's newly disclosed expert testimony by way of the Government's reply briefing, without the benefit of having

---

[3] The Government's decision regarding whether and when to file its Summary Judgment Motion in this case was not a trivial matter. Indeed, this Court's Standing Order only permits the Government to file one motion for summary judgment in this case. (ECF No. 10 at ¶ 12) ("No party may file more than one motion pursuant to Fed. R. Civ. P. 56"). The Government has every right to expect that it could file its Summary Judgment Motion after the close of discovery, without the "unfair surprise" of one of the named Defendants in this case "lying in wait" to express expert opinions at the last minute. *See Minebea*, 231 F.R.D. at 6.

prepared rebuttal reports to Defendant Lander, having deposed Defendant Lander in advance of moving for summary judgment, or having prepared to cross-examine Defendant Lander on his scientific, technical, or other specialized knowledge in the unlikely event of a trial.  But this is *precisely* the situation that the Federal Rules of Civil Procedure and the Federal Rules of Evidence seek to prohibit.

Defendants' baffling decision to wait until their Opposition to a pending Summary Judgment Motion to disclose that they, in fact, have a second expert witness does not leave Plaintiff with the practical "ability to cure the prejudice" caused, and the delays occasioned by Defendants' untimely disclosure would certainly result in a "disruption of the trial." Indeed, to allow Defendants to put forward a brand new expert now—*after* the submission of the Government's briefing on the Motion for Summary Judgment—would necessitate either reopening discovery or permitting Defendants to force a trial by ambush.  Neither option is acceptable.

Moreover, it is unclear to the Government why Defendants chose not to disclose that one of the named Defendants in this case was planning to provide such lengthy—and in Defendants' view, *material*—expert testimony.  *See generally* Defs.' SGD (ECF No. 59-1).  Defendants had ample time to designate Defendant Lander as an initial or rebuttal expert before discovery closed in this matter.  In fact, Defendants' *Ex Parte* Application requested—and the Government did not oppose—two week continuances of the respective deadlines to serve both initial and rebuttal expert designations.  (ECF No. 37).  Even with that additional time, Defendants failed to make the required disclosure regarding Defendant Lander.  Defendants designated one and only one expert—Lola M. Reid, Ph.D—in this matter, and the Government was entitled to rely on that information in conducting discovery and formulating its Summary Judgment Motion.

Furthermore, Defendants cannot justify their failure to comply with Rule 26(a) obligations by claiming that Defendant Lander is a "non-retained" expert.  The expert disclosure requirements of Rule 26 apply with equal force even if the witness is a non-

11

retained expert. Such is the lesson of *Humboldt*, 2010 WL 2179900, at *1. In *Humboldt*, the defendants attempted to avoid the Rule 26(a) requirements by arguing that certain witnesses were "non-retained" experts and thus, could express expert opinions based on their percipient knowledge. *Id.* at 4. However, the court flatly rejected this argument and reasoned that pursuant to a plain reading of Federal Rule of Evidence 701, lay witnesses may testify upon their experience, but they may not provide opinions "based on scientific, technical, or other specialized knowledge within Rule 702." The purpose of this gate-keeping limitation is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *See id.* at 4-5. Thus, "[t]he mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702." The court further stated that where "the proposed testimony of a non-retained expert witness identified pursuant to Rule 26(a)(2)(A) will exceed the scope the scope of the individual's percipient knowledge and ventures into more general expert testimony, a report will be required."[4]   *Id.* (citation omitted).

In light of the foregoing, it matters not whether the lack of a timely expert disclosure regarding Defendant Lander was a willful decision by Defendants or merely an oversight. Either way, Defendants' unjustified "failure to turn over expert reports cannot be described as harmless, particularly when the time for discovery has elapsed." *See Seifert v. United States*, No. CIV–S–04–0553DFLGGH, 2005 WL 3439010, at *1 (E.D. Cal. Dec. 14, 2005) (granting a party's motion to exclude expert testimony when the proponent of the expert testimony violated Rule 26(a)(2) and the expert cut-off date had passed). The only way to avoid prejudice to the Government is to exclude any expert declaration or other testimony by Defendant Lander.

## **CONCLUSION**

A review of the Lander Declaration and Defendants' Opposition confirms that

---

[4] Here, Defendants did not even identify Defendant Lander as a non-retained expert in their Rule 26(a)(2)(A) disclosures.

Defendants seek to have Defendant Lander testify on matters based on his expertise, and not merely his percipient observations.  But Defendants' failure to timely disclose Defendant Lander as an expert witness is neither harmless nor justified.  Exclusion of Defendant Lander's improper expert testimony—which requires striking the Lander Declaration in its entirety, including the attached exhibits—is the only appropriate remedy for Defendants' blatant failure to fulfill their expert disclosure obligations under Rule 26(a), despite being granted an additional month to do just that.  Anything less would, in essence, endorse "trial by ambush" tactics.


DATED: September 24, 2019             Respectfully Submitted,


                                      JOSEPH H. HUNT
                                      Assistant Attorney General

                                      DAVID M. MORRELL
                                      Deputy Assistant Attorney General
                                      Civil Division

                                      GUSTAV W. EYLER
                                      Director
                                      Consumer Protection Branch


                                      */s/ Natalie N. Sanders*
                                      NATALIE N. SANDERS
                                      Trial Attorney
                                      Consumer Protection Branch

                                      *Counsel for United States of America*


Of Counsel:

ROBERT P. CHARROW
General Counsel

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration

13

Deputy General Counsel
Department of Health and Human Services

PERHAM GORJI
Deputy Chief Counsel for Litigation

MICHAEL SHANE
Associate Chief Counsel for Enforcement
United States Food and Drug Administration
Office of the Chief Counsel
White Oak 31, Room 4554
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002
Telephone: 301-796-8593

14

# EXHIBIT A

JOSEPH H. HUNT
Assistant Attorney General
DAVID M. MORRELL
Deputy Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
NATALIE N. SANDERS
Trial Attorney
     Consumer Protection Branch
     U.S. Department of Justice
        450 5th Street, NW, Suite 6400-South
        Washington, D.C. 20530
        Telephone: (202) 598-2208
        Facsimile:  (202) 514-8742
        E-mail: Natalie.N.Sanders@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>CALIFORNIA STEM CELL<br>TREATMENT CENTER, INC.,<br>*et al.*<br><br>     Defendants. | No. 5:18-CV-01005-JBG-KKx<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELLIOT LANDER, M.D. SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  December 9, 2019<br>Hearing Time:  9:00 a.m.<br>Courtroom:     Riverside Courthouse<br>                3470 Twelfth Street<br>                Riverside, CA 92501<br>                Courtroom 1, 2nd Floor<br><br>Hon. Jesus G. Bernal |

# **INTRODUCTION**

Plaintiff United States of America ("the Government") respectfully directs the Court's attention to Plaintiff's Notice of Motion and Motion to Strike the Declaration of Elliot Lander, M.D. Submitted In Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment ("Motion to Strike"), which such Motion to Strike is concurrently filed herewith.

Although Defendants did not designate Elliot Lander, M.D. ("Defendant Lander") as an expert witness in this case, *see* Pl.'s Mot. to Strike at 6-8, 12-13, the Lander Declaration is replete with opinions and testimony of a character that could only be admissible as "scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701 (forbidding such opinion testimony from a lay witness). The Court should strike the Lander Declaration as an undisclosed expert opinion, and should preclude Defendant Lander from offering expert testimony in this matter.  Given Defendants' failure to designate Defendant Lander as a non-retained expert during the expert witness discovery period—along with their failure to provide a summary of Defendant Lander's facts and opinions in this matter as required by Federal Rule of Civil Procedure 26(a)(2)(C)—Defendants should not now be permitted to rely on the Lander Declaration in opposition to the Government's Summary Judgment Motion.

Notwithstanding the foregoing, and in an effort to comply with Federal Rules of Civil Procedure 56(c)(2) and paragraph 12 of the Court's Standing Order, the Government also hereby objects to portions of the Lander Declaration submitted in support of Defendants' Opposition to the Government's Motion for Summary Judgment (Dkt. No. 48).

The following objections are made in accordance with paragraph 12(b) of this Court's Standing Order, which limits objections to the items identified in the separate Statement of Additional Material Fact.  However, the fact that these evidentiary objections do not address other portions of the Lander Declaration is not intended to

17

imply that those portions are admissible and/or appropriate testimony.  (In fact, the Government objects that every "additional fact" citing the Lander Declaration is, at best, hearsay because the declaration is inadmissible opinion testimony.)   Thus, the Government reserves the right to object to the remainder of the Lander Declaration on separate motion, as appropriate.

Moreover, the Government understands that "objections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion" are all "redundant" and "duplicative of the summary judgment standard itself." *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).  The Government further understands that evidentiary objections asserting that Defendants' evidence does not support the proffered fact is likewise improper.  Accordingly, the Government has refrained from raising such objections below, without waiving or conceding these points generally.

## SPECIFIC EVIDENTIARY OBJECTIONS

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| 1 | Cells are the smallest and most basic functional structural units in the human body.<br><br>Lander Decl. ¶ 7. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) <br><br> **(iii) Hearsay, FRE 801(c)** <br> statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 2 | Every organ and tissue in the human body is comprised of cells. <br><br> Lander Decl. ¶ 7. | **(i) Improper Expert Testimony, FRE 702** <br> scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) <br><br> **(ii) Improper Lay Testimony, FRE 602, 701** <br> exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots* |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | *Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 3 | Surgeons routinely work on both tissues and cells that make up tissues.<br><br>Lander Decl. ¶ 7. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; |

20

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | statement unsupported by admissible evidence in the record |
| 4 | Surgery universally involves dissection (separation) of tissues and now technologically has evolved to the point where surgeons can isolate individual cells.<br><br>Lander Decl. ¶ 18. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 5 | Dissected tissues and cells can then be surgically relocated and re-purposed to other parts of the | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert |

21

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | patient's body in the operating room.<br><br>Lander Decl. ¶ 18. | declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 6 | Cal. Stem Cell's SVF Surgical Procedure involves the relocation of a patient's own SVF cells during a single, rather simple outpatient surgical procedure, performed at a Cal. Stem Cell clinic by a licensed healthcare professional.<br><br>Lander Decl. ¶ 8. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701** |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) <br><br> **(iii) Hearsay, FRE 801(c)** <br> statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 8 | SVF, or stromal vascular fraction, is the naturally occurring cellular part of the adipose tissue that does not contain the adipocytes (fat cells). <br><br> Lander Decl. ¶ 9. | **(i) Improper Expert Testimony, FRE 702** <br> scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) <br><br> **(ii) Improper Lay Testimony, FRE 602, 701** <br> exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of* |

23

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
|  |  | *Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) <br><br> **(iii) Hearsay, FRE 801(c)** <br> statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 9 | SVF itself contains a population comprised of multiple cell types naturally found in adipose (fat) tissue; these include mesenchymal stem cells, hematopoietic cells, lymphocytes, early (progenitors) and mature lineage stages of endothelial cells, pericytes (also called peri-vascular cells), smooth muscle cells, and fibroblasts (also called stroma) among other cells. <br><br> Lander Decl. ¶ 9. | *Correct citation is: Lander Decl. ¶ 8.* <br><br> **(i) Improper Expert Testimony, FRE 702** <br> scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) <br><br> **(ii) Improper Lay Testimony, FRE 602, 701** <br> exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots* |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | *Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 14 | SVF is also known to have progenitor cells that actually operate as stem cells depending upon the environment in which they are placed. Lander Decl. ¶ 8. & n.2. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | statement unsupported by admissible evidence in the record |
| 19 | Abdominal omental fat is called the "policeman of the abdomen" and long before it was known that fat naturally contains a treasure trove of regenerative cells, medical students were taught in basic general surgery that the omental fat accelerates healing.<br><br>Lander Decl. ¶ 8. n.1. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 20 | A general surgeon wraps omental fat around a surgical bowel anastomosis to accelerate healing and prevent infection (not as a cushion). | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | Lander Decl. ¶ 8. n.1. | expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 23 | In 2010, Defendants began offering the SVF Surgical Procedure to patients in the United States. Lander Decl. ¶ 4. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 24 | This SVF procurement procedure is currently deployed under ten active Institutional Review Board ("IRB") investigational protocols.<br><br>Lander Decl. ¶ 5. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v.* |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | *Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 25 | Surgeons perform the SVF Surgical Procedure during a single outpatient procedure at a California Stem Cell Treatment Center surgical clinic located in California.<br><br>Lander Decl. ¶ 8. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)** |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 28 | Many of the cellular products are mechanically separated from the adipose tissue during the liposuction procedure, which is common in all surgeries.<br><br>Lander Decl. ¶¶ 10, 29. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 29 | To free up even more cellular products, the physician then uses surgical tools—namely, | **(i) Improper Expert Testimony, FRE 702** |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | collagenase enzymes and a centrifuge device—to isolate the SVF cell population by removing the adipocyte (fat) cells.<br><br>Lander Decl. ¶ 10. | scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 30 | The SVF is then suspended in a sterile saline solution, after which it is relocated back into the patient's body.<br><br>Lander Decl. ¶ 10. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) <br><br> **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 31 | In the case of Cal. Stem Cell's SVF Surgical Procedure, the stromal and vascular cells taken out of the patient in the performance of the procedure are the same cells that are put back into the patient. <br><br> Lander Decl. ¶ 11. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) <br><br> **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 32 | The surgical techniques employed by Cal. Stem Cell involves relocation of the very same SVF cell population that *previously existed* in the patient's body, not the creation or manufacture of any new "product" for introduction into the body.<br><br>Lander Decl. ¶ 11. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots* |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | *Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 33 | The SVF Surgical Procedure is an autologous cell transplant: cells from a donor are given back to the same donor. Lander Decl. ¶ 11. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | statement unsupported by admissible evidence in the record |
| 34 | Unlike manufactured drugs, the SVF Surgical Procedure does not require Cal. Stem Cell to produce any cellular- or tissue-based product to uniform specifications for strength, quality and purity.<br><br>Lander Decl. ¶ 15. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 35 | While safety and efficacy considerations require that drug products be manufactured in a | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert |

35

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | uniform manner for use in various patients, uniform processing is not necessary (nor for that matter feasible) with the SVF Surgical Procedure.<br><br>Lander Decl. ¶ 15. | declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 36 | The cell population used in the SVF Surgical Procedure is unique to each patient, including the specific stem cell count.<br><br>Lander Decl. ¶ 15. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701** |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 37 | The outcomes of the SVF Surgical Procedure are also uniquely based on the patient's own tissue and cannot be replicated across patients or even with the same patient at different times. Lander Decl. ¶ 15. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of* |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | *Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 38 | Unlike drug products which are provided based on an established effective dose, the patient's own stem cells function to effect repair of damaged tissues in the body.<br><br>Lander Decl. ¶ 15. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 42 | The collagenase does not alter any of the cells found in the fat or in the SVF. <br><br> Lander Decl. ¶¶ 12, 13 & Exh. 2, 5. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) <br><br> **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) <br><br> **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record; attached journal articles are inadmissible hearsay, *Woodward v. Wang*, 1:16-cv-01089- |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | SAB (PC), 2019 WL 316817, at *6-7 (E.D. Cal. Jan. 24, 2019)<br><br>**(iv) Lack of Authentication, FRE 901** journal articles inadmissible in evidence without foundation testimony of witness with personal knowledge, *Woodward v. Wang*, 1:16-cv-01089-SAB (PC), 2019 WL 316817, at *6 (E.D. Cal. Jan. 24, 2019); *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) |
| 43 | The exact type of collagenase used in the SVF procedure has no impact on the viability of the SVF cells, yield of cells, and, most significantly, had no effect on the ability of the cells to differentiate.<br><br>Lander Decl. Exhibit 2. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record; attached journal articles are inadmissible hearsay, *Woodward v. Wang*, 1:16-cv-01089-SAB (PC), 2019 WL 316817, at *6-7 (E.D. Cal. Jan. 24, 2019) **(iv) Lack of Authentication, FRE 901** journal articles inadmissible in evidence without foundation testimony of witness with personal knowledge, *Woodward v. Wang*, 1:16-cv-01089-SAB (PC), 2019 WL 316817, at *6 (E.D. Cal. Jan. 24, 2019); *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) |
| 44 | Centrifugation is used in numerous surgical procedures, including bone marrow aspirate for regenerative purposes where the device's effect in separating cells and tissue does not subject these procedures to FDA regulation. Lander Decl. ¶ 19. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of* |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | *Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 46 | The cells have *not* been altered in any substantive way to change them from their naturally occurring state (i.e. they have the same DNA, same cell type, same flow cytometry markets and no evidence of introduction of any chemicals that would change their significant character).<br><br>Lander Decl. ¶ 12, 13. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 48 | FDA allows the use of certain stem cells extracted from bone marrow even though the cells are essentially identical to the cells found in adipose tissue. Lander Decl. ¶ 19. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |

43

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| 49 | Adipose tissue also exists in bone marrow.<br><br>Lander Decl. ¶ 19. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 50 | When bone marrow is subjected to the centrifugation, the stem cells are isolated and the leftover adipose tissue is discarded.<br><br>Lander Decl. ¶ 19. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | **(ii) Improper Lay Testimony, FRE 602, 701** <br> exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) <br><br> **(iii) Hearsay, FRE 801(c)** <br> statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 51 | The FDA does not currently regulate the routine intra-operative use of autologous fat to repair dural defects. <br><br> Lander Decl. ¶ 20. | **(i) Improper Expert Testimony, FRE 702** <br> scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) <br><br> **(ii) Improper Lay Testimony, FRE 602, 701** <br> exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 52 | Dura is brain lining that occasionally gets damaged in neurosurgery, which can result in loss of fluid from around the brain.<br><br>Lander Decl. ¶ 20. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots* |

46

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | *Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 53 | Some surgeons are isolating autologous fat from around the patient's umbilical area, crushing that fat with a "Spence Cranioplastic roller" to transform it into a thin foil on a separate table in the operating room, and returning that "foil" to the patient during the same procedure to repair the brain's lining.<br><br>Lander Decl. ¶ 20. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | statement unsupported by admissible evidence in the record |
| 54 | Vein or artery graft are often used for coronary artery bypass surgery.<br><br>Lander Decl. ¶ 21. | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.)<br><br>**(ii) Improper Lay Testimony, FRE 602, 701**<br>exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)**<br>statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 55 | The vein is harvested and processed to prepare it for other surgical uses than what it was intended for, it is a naturally | **(i) Improper Expert Testimony, FRE 702**<br>scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an |

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | occurring substance, and not subject to FDA regulation. Lander Decl. ¶ 21. | expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990) **(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |
| 56 | Regarding the SVF/Vaccinia, the procedure is only possible if Defendants have access to the FDA licensed ACAM2000 vaccine. Lander Decl. ¶¶ 30, 33. | **(i) Improper Expert Testimony, FRE 702** scientific, technical, or specialized testimony prohibited from a non-expert declarant who was not identified as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.) **(ii) Improper Lay Testimony, FRE 602, 701** exceeds scope of permissible lay testimony; declarant was not identified |

49

| AM Fact No. | Additional Fact | Objection |
|---|---|---|
| | | as an expert pursuant to FRCP 26(a)(2) (*see* Pl.'s Motion to Strike Lander Decl.), thus any opinion testimony must be non-scientific and limited to his personal knowledge, *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1023-25 (N.D. Cal. 2006); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1017 (9th Cir. 1990)<br><br>**(iii) Hearsay, FRE 801(c)** statement offered for truth of the matter asserted; no exception applies; statement unsupported by admissible evidence in the record |

DATED: September 24, 2019.

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General
Civil Division

GUSTAV W. EYLER
Director
Consumer Protection Branch

/s/   Natalie N. Sanders
NATALIE N. SANDERS
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, D.C. 20530

50

Telephone: (202) 598-2208
Facsimile:  (202) 514-8742
E-mail: Natalie.N.Sanders@usdoj.gov

*Counsel for United States of America*

Of Counsel:

ROBERT P. CHARROW
General Counsel

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
Department of Health and Human Services

PERHAM GORJI
Deputy Chief Counsel for Litigation

MICHAEL SHANE
Associate Chief Counsel for Enforcement
United States Food and Drug Administration
Office of the Chief Counsel
White Oak 31, Room 4554
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002
Telephone: 301-796-8593

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 24th day of September 2019, I electronically filed a true and correct copy of the foregoing PLAINTIFF'S EVIDENTIARY OBJECTIONS TO, AND NOTICE OF MOTION AND MOTION TO STRIKE, THE DECLARATION OF ELLIOT LANDER, M.D. SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, through the Court's CM/ECF system, which will send a notice of electronic filing to the following counsel of record listed below:

          Celeste M. Brecht
          Matthew M. Gurvitz
          Norma N. King
          Witt W. Chang
          VENABLE LLP

               */s/ Natalie N. Sanders*
               NATALIE N. SANDERS

52