JOSEPH H. HUNT
Assistant Attorney General
DAVID M. MORRELL
Deputy Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
NATALIE N. SANDERS
Trial Attorney
     Consumer Protection Branch
     U.S. Department of Justice
     450 5th Street, NW, Suite 6400-South
     Washington, D.C. 20530
     Telephone: (202) 598-2208
     Facsimile:  (202) 514-8742
     E-mail: Natalie.N.Sanders@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CALIFORNIA STEM CELL<br>TREATMENT CENTER, INC.,<br>*et al.*<br><br>        Defendants. | No. 5:18-CV-01005-JGB-KKx<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE EXPERT REPORT AND DEPOSITION TESTIMONY OF LOLA M. REID, PH.D., SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  January 13, 2020<br>Hearing Time:  9:00 a.m.<br>Courtroom:    Riverside Courthouse<br>                 3470 Twelfth Street<br>                 Riverside, CA 92501<br>                 Courtroom 1, 2nd Floor<br><br>Hon. Jesus G. Bernal |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INTRODUCTION**

At issue is whether Dr. Reid's expert report ("Reid Report") is competent and admissible to be considered in opposition to the Government's summary judgment motion, when only *defense counsel* (and not *Dr. Reid herself*) has sworn to the veracity of the opinions and conclusions therein.   The answer is "no."   In an effort to avoid this inescapable conclusion, Defendants' Opposition to Plaintiff's Evidentiary Objections to the Expert Report and Deposition Testimony of Dr. Lola M. Reid ("Evidentiary Opposition") (ECF No. 76) obfuscates the relevant inquiry, cites inapposite cases, and refutes strawman arguments the Government has not raised in its Objections.   In the process, Defendants double down in their reliance upon an unsworn expert report that fails to comply with basic procedural and evidentiary rules governing the consideration of evidence at summary judgment.   Dr. Reid's expert report lacks a proper foundation, and it must be excluded from consideration at summary judgment.

## **REPLY IN SUPPORT OF EVIDENTIARY OBJECTIONS**

### A. **The Unsworn Reid Report Is Incompetent and Inadmissible, and the Gurvitz Declaration and Deposition Transcript Excerpt Do Not Cure Its Deficiencies**

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (citations omitted).   Defendants erroneously contend that the Reid Report is admissible in opposition to summary judgment because "Dr. Reid expressly authenticated her expert report during her sworn deposition."   (ECF No. 76 at 2:20-21).   Contrary to Defendants' claims, authentication is merely "a *condition precedent* to admissibility."   *Orr*, 285 F.3d at 773 (internal quotes and citation omitted) (emphasis added).   Authentication is not co-extensive with the admissibility inquiry, and even authenticated evidence must comply with applicable procedural and evidentiary rules in order to be admitted and considered at summary judgment.

Here, there is no question that the unsworn Reid Report must be excluded from

2

1    consideration at summary judgment.  But instead of addressing the Government's core

2    arguments for exclusion, Defendants' Evidentiary Opposition attacks a series of strawman

3    arguments that the Government has not made.  For example, the Government did not raise

4    "objections . . . to the authenticity of Dr. Reid's sworn deposition testimony" (ECF No. 76

5    at 1:13-14).  The Government's Objections do not challenge the *authenticity* of Dr. Reid's

6    deposition testimony, including the Deposition Transcript Excerpt that accompanied the

7    Reid Report.  Rather, the Government objected that the Excerpt, together with the Gurvitz

8    Declaration, fails to lay the proper foundation for admission and consideration of Dr.

9    Reid's otherwise unsworn expert report.  *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th

10   Cir. 2007) (before evidence can be considered on summary judgment, a proper foundation

11   must be laid).

12       The Government does not dispute whether Dr. Reid "testified that the signature on

13   her expert report was her own."  (*Contra* ECF No. 76 at 2:21-22).  The Government

14   likewise does not dispute that Dr. Reid "signed her expert report and included a copy of

15   her qualifications with that report."  (*Contra* ECF No. 76 at 2:8-9).  Nor do the

16   Government's Objections dispute that Dr. Reid has testified that the Reid Report

17   "contain[s] all of the opinions that [she] ha[s] provided in this case to date."  (*Contra* ECF

18   No. 76 at 3:6-7).  Defendants' Evidentiary Opposition spends multiple pages addressing

19   these and other arguments that the Government *did not* raise, in lieu of contending with

20   the arguments the Government *did* raise—namely, that the Reid Report is inadmissible

21   and incompetent because Defendants proffer no sworn testimony from Dr. Reid as to the

22   veracity of the contents of that Report, and that the accompanying Deposition Transcript

23   Excerpt and Gurvitz Declaration do not cure this deficiency.  (ECF No. 62-7 at 3:11-5:14).

24   Defendants' Evidentiary Opposition ignores these points entirely.

25       Defendants concede that their opposition to the Government's motion for summary

26   judgment ("MSJ Opposition") relies on factual assertions set forth in the Reid Report (ECF

27   No. 76 at 1:2-4).  In deciding the Government's summary judgment motion, the Court can

28   consider only those factual assertions that are properly supported in accordance with the

Federal Rules of Civil Procedure ("FRCPs").  *See* Fed. R. Civ. P. 56(c)(1); *see, e.g.*, *Ninh Dinh Pham v. Starkey*, No. CV 16-05959 ODW (RAO), 2018 WL 2094354, at *4 (C.D. Cal. Apr. 13, 2018), *report and recommendation adopted*, No. CV 16-05959 ODW (RAO), 2018 WL 2094335 (C.D. Cal. May 4, 2018), *appeal dismissed*, 18-55632, 2018 WL 8335133 (9th Cir. Dec. 21, 2018) (explaining that a party asserting that a fact is genuinely disputed must support that assertion by citing to materials in the record in accordance with FRCP 56).  Among other things, the FRCPs require that "[a]n affidavit or declaration used to . . . oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4); *see also* C.D. Cal. Local Rule 7-7 ("Declarations shall . . . conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)).  Here, Defendants argue that the Reid Report is the functional equivalent of a declaration from Dr. Reid, see ECF No. 76 at 5:24-25 ("Thus, like a declaration, Dr. Reid's expert report is . . .), even though it does not meet the basic procedural requirements of FRCP 56(c)(4), among others.

In the Ninth Circuit, if an expert report is not signed under penalty of perjury, the unsworn report "do[es] not qualify as [an] affidavit[] or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment."  *Provident Life and Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001); *id.* 1000 at n.77 (unsworn affidavits are incompetent to raise a fact issue precluding summary judgment); *see also Am. Fed'n of Musicians of United States & Canada v. Paramount Pictures Corp.*, 903 F.3d 968, 977 (9th Cir. 2018) (citing *Provident Life*); *Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir. 1996) (unsworn expert reports are not admissible to support or oppose summary judgment); *McFadden v. City of El Centro*, No. 1cv2042-WQH-WMc, 2012 WL 4486265, at *7 (S.D. Cal. Sept. 26, 2012) (district court refuses to consider document not properly authenticated under FRCP 56(c)(4) which was submitted in opposition to summary judgment motion).

A court resolving a motion for summary judgment may substitute an unsworn

4

declaration, such as Dr. Reid's report, for a sworn affidavit "if the declaration complies with 28 U.S.C. § 1746."  *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).  In relevant part, section 1746 provides as follows:

> Wherever, under any law of the United States or under any rule . . . or requirement made pursuant to law, any matter is required . . . to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> ...
> (2) If executed within the United States . . . : "I declare (or certify, verify, or state) under penalty of perjury *that the foregoing is true and correct*. Executed on (date). (Signature)".

28 U.S.C. § 1746(2) (emphasis added).  By its own terms, section 1746 requires a declarant's attestation under penalty of perjury about the *truthful and correct contents* of the statements she has made, and not merely about her *authorship* of those statements. Thus, a declarant does not comply with FRCP 56(c)(4) by merely swearing under penalty of perjury to having *made a statement*.  Instead, Congress, the FRCPs, and the Ninth Circuit all require that a declarant swear under penalty of perjury to having *made a true and correct statement*.  Only the latter suffices to establish the competency and admissibility of an otherwise unsworn declaration on summary judgment.

Here, the Reid Report itself is unsworn, and Defendants have proffered no sworn testimony *from Dr. Reid* as to the *veracity* of the Reid Report.  As the Government's Objections note—and as Defendants' Evidentiary Opposition ignores—the Gurvitz Declaration is incorrect when it claims that "Dr. Reid testified, under penalty of perjury, that . . . the report contained an accurate summary of her expert opinions in this matter."

1   (ECF No. 59-3 at ¶ 3).  The accompanying Deposition Transcript Excerpt says no such

2   thing.  In fact, it is entirely silent on this point.  The Excerpt merely confirms that Dr. Reid

3   testified under penalty of perjury to the following facts: that (a) she signed her report (ECF

4   No. 59-3, Ex. A at 204:3-5), while in her North Carolina office (*id*. at 204:6-8), after

5   looking through the report (*id*. at 204:9-12), and that (b) Exhibit 4 to her deposition is the

6   same report she signed in her office (*id*. at 204:1-3, 13-21).  In other words, Defendants

7   proffered Dr. Reid's testimony only about the purported *authorship* of the Reid Report.

8   That testimony does not speak to the *truthfulness and correctness of the contents* of that

9   Report, nor does the Report itself indicate that it was "sworn to" under penalty of perjury

10  in compliance with section 1746.  The Reid Report fails to comply with the procedural

11  requirements of 28 U.S.C. § 1746 and, in turn, FRCP 54(c).

12      Neither the Gurvitz Declaration nor the Deposition Transcript Excerpt cures this

13  key deficiency in the Reid Report.  The Gurvitz Declaration cannot possibly attest to the

14  veracity of the statements in the Reid Report, as "[a] declaration signed by someone else

15  for the declarant does not comply" with section 1746.  *See Ritchie*, 342 F.3d at 909; *see*

16  *also Fowle v. C & C Cola, a Div. of ITT-Cont'l Baking Co.*, 868 F.2d 59, 67 (3d Cir. 1989)

17  (unsworn expert report is not competent to be considered on a motion for summary

18  judgment where plaintiff's attorney—not the expert himself—attested to the veracity of

19  the report); *Am. Fed'n of Musicians*, 903 F.3d at 977 (citing *Fowle*).  And as noted above,

20  the Deposition Transcript Excerpt merely provides Dr. Reid's testimony about the

21  *authorship* of the Reid Report, not about the *veracity* thereof.  This missing attestation

22  fatally undermines the factual assertions in Defendants' MSJ Opposition that rely on the

23  unsworn Reid Report.

24      Defendants cite no authority that would prevent the exclusion of the Reid Report

25  from consideration on summary judgment.  *See, e.g.*, *Davenport v. Bd. of Trustees of State*

26  *Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1083–84 (E.D. Cal. 2009) (excluding from

27  consideration on summary judgment the contents of unsworn expert declarations that were

28  not made under penalty of perjury in compliance with 28 U.S.C. § 1746 and did not

1   otherwise attest that their contents are true); *Link Treasure Ltd. v. Baby Trend, Inc.*, 809

2   F. Supp. 2d 1191, 1195 (C.D. Cal. 2011) (unsworn declarations that failed to comply with

3   28 U.S.C. § 1746 could not be relied upon in resolving summary judgment motion); *Kirk*

4   *v. Macs*, No. LA CV15-07931 JAK (JPRx), 2016 WL 5340527, at *5 (C.D. Cal. Feb. 17,

5   2016) (excluding unsworn declaration in its entirety because "[c]ompliance with the

6   requirement of 28 U.S.C. § 1746 is mandatory") (citing *Link Treasure*).  The handful of

7   cases that Defendants cite in their Evidentiary Opposition are inapposite.  For example,

8   the *Jordan* case concerned a challenge to the *authorship* of an expert report.  *See United*

9   *States ex rel. Jordan v. Northrop Grumman Corp.*, No. CV 95-2985, 2002 U.S. Dist.

10  LEXIS 26674, at *42 n.17 (C.D. Cal. Aug. 5, 2002) (citations omitted) (resolving a

11  challenge to the authorship of an expert report by authenticating it pursuant to Federal

12  Rule of Evidence 901(b)(4)).  It is the unsworn nature of the Reid Report that is at issue

13  here, not who purportedly wrote it.[1]

14      Defendants' reliance on *McDevitt* is also misplaced.  *See McDevitt v. Guenther*, 522

15  F. Supp. 2d 1272, 1292 (D. Hawai'i 2007).  *McDevitt* concerned a defendant's challenge

16  to an expert report submitted with a copy of the expert's sworn deposition testimony

17  authenticating that report.[2]  *See id.*  Although the court in *McDevitt* was satisfied that the

18  affidavit from plaintiff's counsel had attached true and correct copies of the expert's report

19  and his authenticating deposition testimony, that did not mean that the opinions in the

20  expert report were automatically admissible on summary judgment.  *See id.* at 1292.   In

21  fact, the court then found that "large portions" of the expert's report ran afoul of hearsay

22  prohibitions and other applicable evidentiary rules, and were nonetheless inadmissible on

23

24  [1] Moreover, *Jordan* does not address whether the expert report in that matter was similarly *unsworn* like
25  the Reid Report.  Defendants' reliance on *Jordan* is clearly misplaced.

26  [2] Again, the *McDevitt* case does not specify whether the challenged expert report and/or its accompanying
    deposition testimony contained an attestation to the truthfulness and correctness of the contents of the
27  expert report.  For that reason alone, the case is not on point here.  But even assuming, *arguendo*, that the
    expert had properly attested to the veracity of his opinions, the *McDevitt* court still excluded a large
28  portion of those opinions as inadmissible on hearsay and other evidentiary grounds.

1     these alternate grounds. *See id.* at 1294.

2        The same arguments for inadmissibility apply with equal force here. There is no

3 question that the Reid Report is hearsay, and that it is unaccompanied by a sworn statement

4 from Dr. Reid attesting to its veracity for consideration at summary judgment. Dr. Reid

5 did not make the statements in the Reid Report "while testifying at the current trial or

6 hearing," Fed. R. Evid. 801(c), and Defendants' MSJ Opposition relies on those statements

7 for the truth of what they assert. *Id.*[3] Such hearsay testimony is generally inadmissible.

8 Fed. R. Evid. 802. Moreover, Dr. Reid is unable to testify to all the relevant portions of

9 her report from personal knowledge, Fed. R. Evid. 602. After all, during her deposition,

10 Dr. Reid admitted her lack of familiarity with Defendants' processing methods, *see* ECF

11 No. 64-1, Ex. A at 155-159, and further admitted that she did not completely author (or

12 even recognize) her own expert report and had never seen several of the report's

13 attachments. (*Id.* at 184-88, 205-06). Dr. Reid also confirmed under oath that she is not

14 an expert on the topic of adipose-derived stromal vascular fraction ("SVF").[4] (*Id.* at

15 302:19-303:1-5). Under these facts, it is not surprising that Defendants made a strategic

16 decision not to elicit any further sworn testimony from Dr. Reid about the contents of the

17 Reid Report.

18 //

---

19 [3] Defendants have cited no legal authority for the proposition that the entire Reid Report is non-hearsay,

20 and can be considered on summary judgment as if the Report is itself sworn deposition testimony, merely because Dr. Reid testified about certain portions of the Report at her deposition. (*Contra* ECF No. 76 at

21 5:19-23). The Court should decline Defendants' invitation to adopt this radical, legally unsupported position.

22 [4] Defendants acknowledge that all of Dr. Reid's challenged opinions are based on purported specialized

23 knowledge and expertise and, to be admissible at all, must qualify as Rule 702 expert testimony. (ECF No. 76 at 4:25-5:4). The Government does not concede that Dr. Reid has the expert qualifications to

24 provide all of the opinions set forth in the Reid Report, or that the opinions proffered are material to the resolution of this matter. As previously noted, the Government reserves the right to object to the Reid

25 Report and the Deposition Transcript of Lola M. Reid, Ph.D. on separate motion, as appropriate. In the meantime, with respect to the specific opinions at issue proffered in opposition to summary judgment,

26 the Government maintains its Objections, among others, that the Reid Report and cited portions of the Reid deposition transcript, fail to lay proper foundation as to Dr. Reid's knowledge, expertise, and

27 familiarity with subject matter on which she opines. *See LuMetta v. United States Robotics, Inc.*, 824 F.2d 768, 771 (9th Cir. 1987); *see also Marceau v. Int'l Broth. of Elec. Workers*, 618 F. Supp. 2d 1127,

28 1143 (D. Ariz. 2009).

## CONCLUSION

At bottom, this Court must decide whether Defendants' unsworn expert declaration is competent and admissible for consideration at summary judgment. The law on this point is clear. Indeed, even the ancillary cases that Defendants cite in their Evidentiary Opposition call for the exclusion of the Reid Report. *See, e.g.*, *King Tuna, Inc. v. Anova Food, Inc.*, CV 07-7451ODW(JWJx), 2009 WL 650732, at *1 (C.D. Cal. Mar. 10, 2009) ("In order to be competent summary judgment evidence, an expert report must be sworn to or otherwise verified"). Here, there is no question that the Reid Report, Deposition Transcript Excerpt, and Gurvitz Declaration individually and collectively fail to provide sworn testimony from Dr. Reid herself that the opinions in her report were made under penalty of perjury and on her personal knowledge, and that she is competent to testify thereto. The unsworn Reid Report does not meet the requirements of FRCP 56(c)(4) and is not competent or admissible for purposes of the record on summary judgment.

DATED: December 30, 2019.              Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General
Civil Division

GUSTAV W. EYLER
Director
Consumer Protection Branch

/s/   Natalie N. Sanders
NATALIE N. SANDERS
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, D.C. 20530
Telephone: (202) 598-2208
Facsimile:  (202) 514-8742
E-mail: Natalie.N.Sanders@usdoj.gov

1

2                                                    *Counsel for United States of America*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of December 2019, I electronically filed a true and correct copy of the foregoing REPLY IN SUPPORT OF PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE EXPERT REPORT AND DEPOSITION TESTIMONY OF LOLA M. REID, PH.D., SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, through the Court's CM/ECF system, which will send a notice of electronic filing to the following counsel of record listed below:

Celeste M. Brecht
Matthew M. Gurvitz
Norma N. King
Witt W. Chang
VENABLE LLP


*/s/ Natalie N. Sanders*
NATALIE N. SANDERS