JOSEPH H. HUNT
Assistant Attorney General
DAVID M. MORRELL
Deputy Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
NATALIE N. SANDERS
Trial Attorney
    Consumer Protection Branch
    U.S. Department of Justice
    450 5th Street, NW, Suite 6400-South
    Washington, D.C. 20530
    Telephone: (202) 598-2208
    Facsimile:  (202) 514-8742
    E-mail: Natalie.N.Sanders@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA STEM CELL TREATMENT CENTER, INC., *et al.*<br><br>    Defendants. | No. 5:18-CV-01005-JGB-KKx<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S EVIDENTIARY OBJECTIONS TO, AND NOTICE OF MOTION AND MOTION TO STRIKE, THE DECLARATION OF ELLIOT LANDER, M.D. SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  January 13, 2020<br>Hearing Time:  9:00 a.m.<br>Courtroom:    Riverside Courthouse<br>               3470 Twelfth Street<br>               Riverside, CA 92501<br>               Courtroom 1, 2nd Floor<br><br>Hon. Jesus G. Bernal |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................. iii-v

INTRODUCTION ...................................................................... 1

LEGAL STANDARD .................................................................. 1

ARGUMENT .......................................................................... 3

    A.    There Is No Dispute That The Lander Declaration Exceeds the Scope of Lay Opinion Testimony, and Therefore Constitutes Expert Opinion Testimony under FRE 702 .......................................... 3

    B    There Is Also No Dispute That Defendants Failed to Disclose Defendant Lander as an Expert Witness, as Required By Rule 26(a)(2). ................................................................. 4

    C.    Defendants Have Not Met Their Burden to Show That Their Failure to Disclose Defendant Lander as an Expert Witness Was Substantially Justified or Harmless ................................................... 5

        1. Defendants' Failure to Comply With Rule 26(a)(2) Expert Disclosure Obligations Was Not Substantially Justified ................... 6

        2. Defendants' Failure to Comply With Their Rule 26(a)(2) Expert Disclosure Obligations Was Not Harmless. ............................ 9

            i.  Contrary to Defendants' Claims, the Government Was Unfairly Surprised and Prejudiced by the Untimely Lander Declaration. ...................................................... 9

            ii. Contrary to Defendants' Claims, the Resulting Prejudice of Defendants' Disclosure Failures Cannot Be Cured. ................... 12

CONCLUSION ...................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Beye v. Horizon Blue Cross Blue Shield of New Jersey*,
    568 F. Supp. 2d 556 (D.N.J. 2008)...........................................................7

*BP W. Coast Prods, LLC v. Shalabi*,
    2013 WL 1694660 (W.D.Wash. Apr. 18, 2013) ...................................11

*Caltex Plastics, Inc. v. Shannon Packaging, Co.*,
    673 Fed. App'x 664 (9th Cir. 2016) ........................................................3

*Evans v. DSW, Inc.*,
    2018 WL 6920674, at *6 n. 2 (C.D. Cal. Aug. 17, 2018) ......................9

*Forbes v. County of Orange*,
    2013 WL 12165672 (C.D. Cal. Aug. 4, 2013) .....................................10

*Goodman v. Staples the Office Superstore, LLC*,
    644 F.3d 817 (9th Cir. 2011) .......................................................1, 2, 9

*Hardin v. Wal-Mart Stores, Inc.*,
    2010 WL 3341897 (E.D. Cal. Aug. 25, 2010) .................................11, 12

*Lanard Toys Ltd. v. Novelty, Inc.*,
    375 F. App'x 705 (9th Cir. 2010).............................................................6

*Lehan v. Ambassador Programs, Inc.*,
    190 F.R.D. 670 (E.D. Wash. 2000) .......................................................10

*Minebea Co., Ltd. v. Papst*,
    231 F.R.D. 3 (D.D.C. 2005) ....................................................................5

*Native Ecosystems Council v. Erickson*,
    330 F. Supp. 3d 1218 (D. Mont. 2018) ..................................................7

*Ortiz–Lopez v. Sociedad Espanola de Auxilio . . . Beneficiencia de Puerto Rico*,
    248 F.3d 29 (1st Cir. 2001)......................................................................3

*Pike v. County of San Bernardino*,
    2019 WL 6736908 (C.D. Cal. July 22, 2019) .............................2, 6, 12

iii

*Robinson v. HD Supply, Inc.*,
  2013 WL 5817555 (E.D. Cal. Oct. 29, 2013).................................................2, 12

*Rodriguez v. Pacificare of Texas, Inc.*,
  980 F.2d 1014 (5th Cir.1993) .............................................................................7

*Seifert v. United States*,
  2005 WL 3439010 (E.D. Cal. Dec. 14, 2005)......................................................13

*Stonefire Grill, Inc. v. FGF Brands, Inc.*,
  2013 WL 12126773 (C.D. Cal. June 27, 2013)..............................................1, 2, 6

*Tagatz v. Marquette Univ.*,
  861 F.2d 1042 (7th Cir. 1988) ...........................................................................7

*United States v. Figueroa–Lopez*,
  125 F.3d 1241 (9th Cir. 1997) ...........................................................................3

*United States v. Regenerative Scis., LLC*,
  741 F.3d 1314 (D.C. Cir. 2014)..........................................................................7

*United States v. Sierra Pac. Indus.*,
  2011 WL 2119078 (E.D. Cal. May 26, 2011) .......................................................7

*Wallace v. U.S.A.A. Life Gen. Agency, Inc.*,
  862 F. Supp. 2d 1062 (D. Nev. 2012) ...............................................................10

*Wong v. Regents of the Univ. of Cal.*,
  410 F.3d 1052, 1062 (9th Cir. 2005)..................................................................12

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) ...................................................................*passim*

**FEDERAL REGULATIONS**

21 C.F.R. Part 1271...........................................................................................7

# FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 26(a)................................................................................*passim*

Fed. R. Civ. P. 26(a)(1)...................................................................... 9, 11

Fed. R. Civ. P. 26(a)(2)........................................................................*passim*

Fed. R. Civ. P. 26(a)(2)(A).......................................................................... 1

Fed. R. Civ. P. 26(a)(2)(B).......................................................................... 1

Fed. R. Civ. P. 26(a)(2)(C)(i).................................................................. 1, 11

Fed. R. Civ. P. 26(a)(2)(C)(ii).......................................................... 1, 10, 11

Fed. R. Civ. P. 26(a)(2)(D).......................................................................... 2

Fed. R. Civ. P. 26(b)(5)............................................................................... 8

Fed. R. Civ. P. 26(b)(5)(A).......................................................................... 8

Fed. R. Civ. P. 26(b)(5)(A)(i)...................................................................... 8

Fed. R. Civ. P. 26(b)(5)(A)(ii)..................................................................... 8

Fed. R. Civ. P. 37 ....................................................................................... 3

Fed. R. Civ. P. 37(c) ................................................................................... 3

Fed. R. Civ. P. 37(c)(1)....................................................................*passim*

Fed. R. Civ. P. 37 Advisory Committee's Note (1993) ............................ 1, 2

Fed. R. Civ. P. 37 Advisory Committee's Note (2000) .............................. 8

# FEDERAL RULES OF EVIDENCE

Fed. R. Evid. 701 ................................................................................. 3, 11

Fed. R. Evid. 702 ...............................................................................*passim*

Fed. R. Evid. 703 ............................................................................ 1, 4, 10

Fed. R. Evid. 705 ............................................................................ 1, 4, 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **INTRODUCTION**

Defendants' Opposition to Plaintiff's Motion to Strike the Declaration of Elliott Lander ("Opposition") (ECF No. 75) confirms that the entire Lander Declaration must be excluded under Federal Rule of Civil Procedure ("Rule") 37(c)(1).  First, as Defendants concede, the Lander Declaration goes beyond the scope of lay witness opinion testimony, and is therefore expert testimony under Federal Rule of Evidence ("FRE") 702.  Second, Defendants also concede that they failed to disclose Defendant Lander as an expert witness, as required by Rule 26(a) of the Federal Rules of Civil Procedure.  Third, Defendants' failure to disclose was not "substantially justified or harmless."  *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Defendants' own admissions compel the inescapable conclusion that the Lander Declaration is untimely expert testimony that must be excluded under the "self-executing" and "automatic" sanctions of Rule 37(c)(1).  *See* Fed. R. Civ. P. 37 Advisory Committee's Note (1993).

## **LEGAL STANDARD**

Rule 26(a)(2) "requires parties to disclose the identity of any expert witness." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011); *see also* Fed. R. Civ. P. 26(a)(2)(A) (mandating that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.").  The disclosure of expert witnesses "must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case."  Fed. R. Civ. P. 26(a)(2)(B); *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, No. CV11-8292-JGB (PJWx), 2013 WL 12126773, at *2 (C.D. Cal. June 27, 2013).  For all other experts—*i.e.*, so-called "non-retained" experts—the party's disclosure "must state the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).  Parties must disclose their expert witnesses "at the times and in the sequence that the

court orders." Fed. R. Civ. P. 26(a)(2)(D); *see also Stonefire Grill*, 2013 WL 12126773, at *2.

A party who fails properly to disclose its retained experts and their reports is barred from using any expert testimony not so disclosed. *See Stonefire Grill*, 2013 WL 12126773, at *2 (citing Fed. R. Civ. P. 37(c)(1)).  A party who fails to disclose its non-retained experts, together with the subject matter of their expert testimony and summaries of their facts and expert opinions, is likewise barred from using any expert testimony not so disclosed.  Fed. R. Civ. P. 37(c)(1); *see, e.g.*, *Robinson v. HD Supply, Inc.*, No. 2:12-CV-00604-GEB-AC, 2013 WL 5817555, at *2 (E.D. Cal. Oct. 29, 2013) (excluding opinions of non-retained expert witnesses who only disclosed the subject matter of their testimony, but failed to provide a summary of the facts and opinions to which they would testify as experts).

Rule 37(c)(1) exclusion of untimely expert testimony "is a 'self-executing' and 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman*, 644 F.3d at 827 (citing *Yeti by Molly*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)).  Indeed, the "*only* exceptions to Rule 37(c)(1)'s exclusion sanction" requires a party to show that its "failure to disclose is substantially justified or harmless."  *Pike v. County of San Bernardino*, No. EDCV 17-1680 (JGB) (KKx), 2019 WL 6736908, at *2 (C.D. Cal. July 22, 2019) (citing *Goodman* (citing Fed. R. Civ. P. 37(c)(1)) (emphasis added); *see also Stonefire Grill*, 2013 WL 12126773, at *2 (untimely expert witness testimony excluded unless the failure to disclose the required information is substantially justified or harmless).  Absent such a showing, a party's failure to make the required Rule 26(a) disclosures automatically precludes that party from using the expert witness to supply evidence at trial, on a motion, or at a hearing.  *Pike*, 2019 WL 6736908, at *2 (citations omitted); *see also Yeti by Molly*, 259 F.3d at 1106 (upholding the trial court's exclusion of a trial witness who was not properly disclosed because Rule 37(c)(1) "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).").

A party's failure to abide by Rule 26(a) discovery principles is so serious that courts have upheld the use of the Rule 37(c)(1) sanction even when a litigant's entire cause of action or defense has been precluded. *Yeti by Molly*, 259 F.3d at 1106 (citing approvingly *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) (where exclusion of an expert would prevent plaintiff from making out a case, it was "a harsh sanction to be sure, but one that [was] nevertheless within the wide latitude of" Rule 37(c)(1)). Although Rule 37(c)(1)'s automatic exclusion sanction can be onerous, it is properly imposed in the Ninth Circuit even in the absence of willfulness or bad faith on the part of the dilatory party, and even where its imposition may render it "difficult, perhaps almost impossible" for that party to prove his or her case. *Yeti by Molly*, 259 F.3d at 1106.[1]

## ARGUMENT

### A. There Is No Dispute That The Lander Declaration Exceeds the Scope of Lay Opinion Testimony, and Therefore Constitutes Expert Opinion Testimony under FRE 702

Defendants admit that the Lander Declaration contains extensive opinion testimony based on Dr. Lander's scientific, technical, or other specialized knowledge. (ECF No. 75 at 13:5-15:19). An opinion based on a witness's specialized knowledge is improper lay witness testimony, and instead constitutes expert testimony governed by FRE 702. *See* Fed. R. Evid. 701, 702; *see also United States v. Figueroa–Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). In part VI of the Opposition, Defendants concede that *more than two-thirds* of the Lander Declaration constitutes expert opinion testimony governed by FRE

---

[1] The Opposition's citation to *Caltex Plastics, Inc. v. Shannon Packaging, Co.*, 673 Fed. App'x 664, 666 (9th Cir. 2016) does not counsel otherwise. As the Ninth Circuit explained in *Yeti by Molly* and confirmed in *Caltex*, Rule 37(c) sanctions are appropriate—even if exclusion is "tantamount" to dismissal of a party's entire claim, case, or cause of action—so long as the Court explicitly considers "whether the claimed noncompliance involved willfulness, fault, or bad faith" and also considers "the availability of lesser sanctions" as well. *Caltex*, 673 Fed. App'x at 666 (citation omitted); *see also Yeti by Molly*, 259 F.3d at 1106 (district court should identify willfulness, fault, or bad faith before dismissing a cause of action outright under Rule 37(c)) (internal citations and quotation omitted).

702. (ECF No. 75 at 13:1-15:19).[2]  Thus here, there is no dispute that the overwhelming majority of the Lander Declaration exceeds the scope of permissible lay opinion testimony, and instead constitutes expert opinion testimony under FRE 702.

### B.  **There Is Also No Dispute That Defendants Failed to Disclose Defendant Lander as an Expert Witness, as Required By Rule 26(a)(2)**

In their Opposition, Defendants admit that they failed to disclose Dr. Lander as an expert witness in accordance with Rule 26(a) before proffering his expert opinions in opposition to the Government's Motion for Summary Judgment ("MSJ").  Among other things, Defendants admit that Dr. Lander was only identified as a *fact witness* in this case. (ECF No. 75 at 3:1-3).  Defendants admit that Dr. Lander is, in fact, a non-retained *expert witness* in this case.  (*Id.* at 5:8-17, 13:1-15:19).  Defendants admit that they have long known that Dr. Lander would provide expert witness testimony in this case.  (*Id.* at 3:11-18, 7:17-19).  Defendants admit that, contrary to the requirements of Rule 26(a), they failed to disclose Dr. Lander as an expert witness, and failed to state the subject matter on which Dr. Lander was expected to present evidence under FRE 702, 703, or 705, and a summary of the facts and opinions to which Dr. Lander was expected to testify under those same rules.  (*Id.* at 6:6-7, 6:15-22).  Defendants admit their Rule 26(a)(2) disclosure failure was not only intentional, but strategic.  (*Id.* at 6:6-10, 7:17-19).[3]

---

[2] The Government does not concede that Defendants correctly distinguished between all of Dr. Lander's expert and lay opinions in section VI of their Opposition.  But assuming, *arguendo*, that they have done so, Defendants admit that, *at a minimum*, 23 of the 34 opinions in the Lander Declaration constitute expert opinion testimony governed by FRE 702.  (*See* ECF No. 75 at 13:1-15:19.)  In particular, Defendants admit that *more than half* of the Lander Declaration—namely, the eighteen proffered opinions set forth in paragraphs 7, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29—constitute expert opinions *in their entireties*. And Defendants further admit that significant portions of five additional opinions—namely, paragraphs 8, 9, 10, 14, and 15—constitute additional expert testimony from Dr. Lander. *Id.*  To the extent that the Lander Declaration contains any lay opinions at all, those opinions are primarily limited to Dr. Lander's opening description of his own professional background and experience, and his concluding statements about FDA's facility inspections and Defendants' historical responses thereto. *Id.*  Defendants effectively concede that nearly everything else in the Lander Declaration is testimony based on Dr. Lander's scientific, technical, or other specialized knowledge which, to be admissible at all, would need to qualify as expert testimony under FRE 702.

[3] In contrast to their approach to expert witness Dr. Lander, Defendants acknowledge that they properly

Moreover, there is no question that the Lander Declaration was disclosed nearly 12 weeks *after* the close of expert discovery in this case, and nearly 5 weeks *after* the Government filed its MSJ. It is for that reason that Defendants' admissions in their Opposition are of serious concern. As noted above, Defendants admit that the Lander Declaration discloses the facts and opinions to which Dr. Lander is expected to testify under FRE 702. Defendants admit that *more than two-thirds* of the Lander Declaration consists of Dr. Lander's expert opinion testimony under FRE 702. Defendants admit that they already have relied, and further intend to rely, on Dr. Lander and the Lander Declaration to supply expert opinion testimony for the motions, hearings, or trial in this case. (ECF No. 75 at 1:15-17, 4:5, 10:1-5). But this is *precisely* the kind of expert discovery abuse that Rule 26(a)(2) forbids. *See generally Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005). The central purposes of the mandatory expert disclosure requirement are to "prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial." *Minebea*, 231 F.R.D. at 5-6. The Rule is designed to prevent experts like Dr. Lander from "lying in wait" to express new opinions at the last minute, thereby denying the Government the opportunity to depose him on his expert opinions or closely examine his testimony. *See id.* at 6. Defendants' Rule 26(a) disclosure failures are even more acute where, as here, Defendants seek to use Dr. Lander's untimely expert testimony to *create* a factual dispute that *forces* the parties to trial. The Court should not countenance Defendants' "trial by ambush" tactics.

### C. **Defendants Have Not Met Their Burden to Show That Their Failure to Disclose Defendant Lander as an Expert Witness Was Substantially Justified or Harmless**

In light of the parties' agreement that the Lander Declaration is an expert opinion, and that Dr. Lander was not disclosed as an expert witness, the only question that remains

---

disclosed Dr. Lola M. Reid as a retained expert, in compliance with their Rule 26(a)(2) obligations. (ECF No. 75 at 3:11-13). Thus, there is no question that Defendants were well apprised of the disclosure requirements of Rule 26(a)(2), and were fully capable of disclosing Dr. Lander during the expert discovery period.

is whether Defendants' disclosure failures were substantially justified and harmless.  The Ninth Circuit has provided factors that may be used to "guide a district court in determining whether a violation of a discovery deadline is justified or harmless", including "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).  Here, the burden is on the Defendants, as the party facing exclusion of their untimely expert testimony, to prove their disclosure violation was justified or harmless. *See Yeti by Molly*, 259 F.3d at 1107.  This is a burden that Defendants do not—and cannot—meet, meaning mandatory exclusion necessarily follows. *See Pike*, 2019 WL 6736908, at *2 (showing of substantial justification or harmless is the *only* permissible exception to Rule 37(c)(1)'s automatic exclusion sanction) (citation omitted); *Stonefire Grill*, 2013 WL 12126773, at *2 (untimely expert witness testimony must be excluded unless the failure to disclose the required information is substantially justified or harmless).

## 1. Defendants' Failure to Comply With Rule 26(a)(2) Expert Disclosure Obligations Was Not Substantially Justified

The Opposition contains a litany of purported justifications for Defendants' undisputed Rule 26(a)(2) disclosure failures—all of which lack merit and have no basis in law.  First, Defendants claim that "Dr. Lander was not required to be designated as an expert in this matter because he is a defendant in this action." (ECF No. 75 at 1:23-24).  Defendants do not cite a single statute, regulation, case, rule, or order that establishes their alleged "party-turned-expert-witness" exception to Rule 26(a)(2)'s disclosure requirements.[4]  Although "[n]othing in the Federal Rules of Evidence prohibits a party

---

[4] Defendants further contend that *the Government* bears the burden of establishing that Dr. Lander was subject to Rule 26(a)(2) disclosure. (ECF No. 75 at 5:17-19 ("As an initial matter, Plaintiff has failed to identify any authority that an individual party to an action is required to be identified as a 'non-retained' expert in defending him or herself.")). Defendants either misapprehend or misconstrue the relevant legal

from serving as an expert witness," *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1019 (5th Cir.1993); *see also Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988) ("nothing in [the] language [of FRE 702] suggests that a party cannot qualify as an expert"), a party may do so only if all "relevant qualifying criteria (statutory or otherwise) are met." *Rodriguez*, 980 F.2d at 1019. Compliance with Rule 26(a)(2) expert disclosures obligations are among the qualifying criteria that *every* expert witness must meet, including non-retained experts like Dr. Lander.

Defendants' second purported justification fares no better than the first. Defendants claim that they intentionally failed to disclose Dr. Lander as a non-retained expert because such a disclosure "would have waived the attorney work product doctrine and attorney-client privilege with respect to Dr. Lander's opinions." (ECF No. 75 at 2:1-2). Once again, Defendants do not cite a single statute, regulation, case, rule, or order that specifically addresses the issue of waiver in the context of their purported "party-turned-expert-witness" exception. For that reason alone, the three cases Defendants have cited are inapposite. But even assuming, *arguendo*, that the cited cases could arguably support a finding of waiver in the event of Dr. Lander's designation, those same cases make clear that not all communications between counsel and a non-retained expert would be discoverable in all cases. *See, e.g.*, *United States v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM EFB, 2011 WL 2119078, at *7 (E.D. Cal. May 26, 2011). Indeed, the Advisory Committee clearly stated that they "neither created a protection for communications between counsel and non-re[tained] experts[sic] witnesses, nor abrogated any existing protections for such communications." *Id.* Thus, there is no merit to Defendants'

standard. Exceptions to rules and regulations are always "narrowly construed," *see Native Ecosystems Council v. Erickson*, 330 F. Supp. 3d 1218, 1231 (D. Mont. 2018), and it is the *proponent's* burden to establish that an exception applies. *See, e.g.*, *United States v. Regenerative Scis., LLC*, 741 F.3d 1314, 1322 (D.C. Cir. 2014) (drug manufacturer bears burden of establishing an exception from FDA regulations in 21 C.F.R. Part 1271); *Beye v. Horizon Blue Cross Blue Shield of New Jersey*, 568 F. Supp. 2d 556, 573 (D.N.J. 2008) (party seeking to take advantage of CAFA exceptions has the burden of showing that an exception applied). Thus, here, the burden is on the *Defendants* to prove that their non-retained expert who is also a party (*i.e.*, Dr. Lander) is wholly excepted from Rule 26(a)(2) expert disclosure obligations in a federal civil suit. *Defendants'* inability to identify a single legal authority *in support of* their alleged exception shows that their Rule 26(a)(2) disclosure failure is completely unjustified.

1    hyperbolic contentions that designating Dr. Lander as a non-retained expert would have

2    "forced" Defendants and their counsel to waive all their work product and privilege

3    protections and jeopardize "the entirety of Defendants' preparation for defending" this

4    case. (*Contra* ECF No. 75 at 6:7-10).

5            Furthermore, if Defendants had concerns about the potential ramifications of timely

6    disclosing their second expert witness in this case, Defendants could have taken any

7    number of defensible approaches in lieu of ignoring Rule 26(a)(2) altogether.   For

8    example, Defendants could have requested to meet and confer with the Government to

9    discuss the parties' respective positions on waiver for a hypothetical "party-turned-expert

10   witness."  Defendants did not do so.  Defendants could have sought guidance from the

11   magistrate judge or the Court on this issue, whether through *ex parte* application or other

12   appropriate means.  Defendants did not do so.  Defendants could have tapped one or more

13   *non-party* expert witnesses—be they retained or non-retained—to provide opinions

14   instead.  Defendants did not do so.  Defendants could have properly disclosed Dr. Lander

15   under Rule 26(a)(2) and addressed their waiver concerns with production of a privilege

16   log under Rule 26(b)(5).[5]  Defendants did not do so.  Instead, Defendants tried to "have it

17   both ways."  Where their decision ultimately came down to: (1) making the required Rule

18   26(a)(2) disclosure designating a *party* as a *non-retained* expert and *potentially waiving*

19   all privileges and protections, or (2) making the required Rule 26(a)(2) disclosure

20   designating a *non-party* as a *retained* expert witness and *maintaining some or all*

21   privileges and protections, Defendants were unjustified in inventing a hybrid approach

22   (supported by no legal authority whatsoever) to avoid assuming the risk inherent in relying

_____

[5] If Defendants believed that disclosing Dr. Lander as a non-retained expert witness could render certain
privileged or protected information "otherwise discoverable," Fed. R. Civ. P. 26(b)(5)(A), the appropriate
response was not a failure to disclose under Rule 26(a)(2)—but rather creation and production of a
privilege log under Rule 26(b)(5).  Indeed, the latter Rule is clear that if Defendants intended to
"withhold[] information otherwise discoverable by claiming that the information is privileged or subject
to protection," they were *required* to "expressly make the claim" and "describe the nature of the
documents, communications, or tangible things not produced or disclosed" in a manner that would enable
the Government to assess the claim.  Fed. R. Civ. P. 26(b)(5)(A)(i-ii).  As the 2000 Advisory Committee
Notes explain—and as the Opposition ignores—their unilateral decision to withhold information they
believed was otherwise discoverable is "a ground for sanctions under Rule 37[], including exclusion of
withheld materials." *See* Fed. R. Civ. P. 37 Advisory Committee's Note (2000).

on the expert of their choice.

### 2. Defendants' Failure to Comply With Their Rule 26(a)(2) Expert Disclosure Obligations Was Not Harmless

As an initial matter, Defendants repeatedly suggest that the burden of proving harm is on the Government, as the party seeking exclusion sanctions. (*See* ECF No. 75 at 3:9-10, 3:13-18, 3:23-27, 4:1-4). But the Ninth Circuit disagrees. The burden to prove harmlessness is on the Defendants, as the party seeking to avoid Rule 37's exclusionary sanction. *See Goodman*, 644 F.3d at 827 (citing *Yeti by Molly*, 259 F.3d at 1107). Here, Defendants' intentional and unjustified failure to comply with Rule 26(a) was anything but harmless. An assessment of the *Yeti by Molly* factors confirms that Defendants' disclosure failure requires automatic exclusion of the Lander Declaration and preclusion of Dr. Lander's expert opinions. *See, e.g.*, *Evans v. DSW, Inc.*, 2:16-cv-03791 JGB (SPx), 2018 WL 6920674, at *6 n. 2 (C.D. Cal. Aug. 17, 2018) (sustaining plaintiff's objection to and excluding an expert report where defendants had failed to designate the individual as an expert prior to relying on his report, and failed to produce the expert report to plaintiff in discovery).

### i. Contrary to Defendants' Claims, the Government Was Unfairly Surprised and Prejudiced by the Untimely Lander Declaration

Defendants contend that their Rule 26(a)(2) disclosure failures were harmless for several reasons—all of which fail. First, Defendants claim that—by the simple act of naming Dr. Lander as a defendant in this case—the Government somehow was "*fully* aware" of the "*likely* scope" of Dr. Lander's fact and opinion testimony under FRE 702 even "*before* it filed its Complaint." (ECF No. 75 at 2:5-7). This argument is preposterous. Parties cannot be expected to divine the scope of expert testimony by someone never before disclosed as an expert.

Defendants also argue that their failure to make the required disclosure was harmless because their Rule 26(a)(1) Initial Disclosures of the subject of Dr. Lander's *lay*

opinions served to notify the Government that Dr. Lander's might also serve as an *expert* witness, and provided "fair notice" of *all* the *expert opinion* topics that Dr. Lander might provide.  (ECF No. 75 at 2:10-12).  Defendants are wrong on both counts.

Even if the Government, using Defendants' lay witness disclosure, "could have inferred the name of a witness or information" for expert disclosure purposes, that "does not discharge [Defendants'] duty of disclosure" or render their disclosure failure harmless. *See, e.g.*, *Forbes v. County of Orange*, No. SACV 11-1330 JGB (ANx), 2013 WL 12165672, at *7 (C.D. Cal. Aug. 4, 2013) (citing *Wallace v. U.S.A.A. Life Gen. Agency, Inc.*, 862 F. Supp. 2d 1062, 1065 (D. Nev. 2012)).  Defendants have "the opportunity and right to retain and call experts" of their choosing.  *See Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670, 671 (E.D. Wash. 2000).  But Rule 26(a)(2) imposes the "corresponding duty . . . to disclose the identity of the expert witness to the other party and to provide related material." *Id.* (citing Fed. R. Civ. P. 26(a)(2)).  Only with the required disclosures would the Government have had "adequate notice" and been able to "undertake discovery as well as select an expert to testify on the same subject or issue." *See id.*

Here, Defendants designated only one expert witness: Dr. Lola M. Reid.  The Government was entitled to rely on that disclosure in determining what discovery was required and what experts would be needed to prove the Government's case.  The Government was not obligated to "raise any objection" to Defendants' failure to designate other experts as well.  (*Contra* ECF No. 75 at 3:14-15).  After the Government took Dr. Reid's expert deposition, it was not thereafter required to "meet and confer on whether [Dr.] Lander anticipated providing [expert] testimony" also.  (*Contra* ECF No. 75 at 3:19-27).

Moreover, compliance with Rule 26(a)(2) requires more than Defendants' mere disclosure of the *subject matter* of Dr. Lander's testimony.  Rule 26(a)(2)(C)(ii) plainly mandates that a non-retained expert must also provide a "summary of the facts and opinions" to which the witness will testify under FRE 702, 703, and 705. Fed. R. Civ. P.

10

26(a)(2)(C)(ii).[6]  Defendants' Rule 26(a)(1) Initial Disclosures disclosed merely that Dr. Lander might possibly provide *lay* opinions regarding: "the stromal vascular fraction ("SVF") procedure, including the use of SVF, and information regarding the SVF procedure; FDA Inspections of CSCTC facilities."  (ECF No. 75 at 8:12-14).  This terse 22-word description of Dr. Lander's lay testimony under FRE 701 and Rule 26(a)(1) could not—and did not—qualify as a "summary of the facts and opinions" in the 25 page, 34-paragraph Lander Declaration for purposes of FRE 702 and Rule 26(a)(2).[7]  *See, e.g.*, *Robinson*, 2013 WL 5817555, at *3 (automatic Rule 37 exclusion sanctions apply where non-retained expert witness disclosed only the subject matter of his testimony, but failed to provide the summary of his facts and opinions required by Rule 26(a)(2)(C)); *BP W. Coast Prods, LLC v. Shalabi*, No. 11–cv–1341 MJP, 2013 WL 1694660, at *2 (W.D.Wash. Apr. 18, 2013) (excluding expert witnesses who failed "to provide more than a one sentence description" of expected expert testimony, leaving the opposing party with "no way of preparing to oppose the witnesses").

Furthermore, Defendants' final contention—namely, that the Government could have anticipated Dr. Lander's undisclosed expert opinions in *this* case simply by reading an expert report Dr. Lander had filed in a *different* case—has no basis in law.  (ECF No. 75 at 3:19-24, 9:7-15).  Rule 26 does not provide a mechanism whereby Defendants "can simply avoid [their] discovery obligations by pointing the Government to other cases for information."  *See Hardin v. Wal-Mart Stores, Inc.*, No. 1:08-CV-00617AWIGSA, 2010 WL 3341897, at *3 (E.D. Cal. Aug. 25, 2010), *report and recommendation adopted*, 1:08-CV-00617 AWI GS, 2010 WL 3745197 (E.D. Cal. Sept. 16, 2010).  Neither does the Rule

---

[6] The Opposition does not mention the Rule 26(a)(2)(C)(ii) requirement to disclose a summary of Dr. Lander's expert facts and opinions during expert discovery.  Rather, the Opposition focuses exclusively on the Rule 26(a)(2)(C)(i) requirement to disclose the "subject matter" of a non-retained expert's opinions.  Given this limitation, Defendants' harmfulness analysis is necessarily lacking.

[7] Among other things, the Initial Disclosures do not provide notice of Lander Declaration topics such as the enzymatic dissociation of tissue, the effect of centrifugation on the biological properties of cells, the impact of collagenase on the viability, yield, and differentiation of cells, FDA regulation of centrifugated bone marrow, intra-operative surgical use of autologous fat to repair dural brain defects, and vein and artery grafts, just to name a few.

11

provide that if information is allegedly available to the Government, this availability waives the Defendants' disclosure obligation to provide the information in the first instance. *See id.* Compliance with Defendants' Rule 26(a)(2) discovery obligations required a timely disclosure of a summary of Dr. Lander's expert opinions in *this* litigation, based on the facts specific to *this matter*. *See id.* at *6. This, Defendants admit they did not provide. Alternatively, if Defendants thought that Dr. Lander's expert opinion testimony in *some other case* was nonetheless important to their defense of *this case*, they should have been mindful of the expert discovery deadlines set forth in the Court's Scheduling Order, and taken care to comply with their Rule 26(a) obligations. *See id.* at *9.

In sum, Defendants' failure to make the required Rule 26(a)(2) disclosure for Dr. Lander necessarily prejudices the Government's "ability to properly depose [him as a] witness, select a rebuttal expert witness, and prepare for trial." *See, e.g.*, *Robinson*, 2013 WL 5817555, at *3. Such a failure is not harmless and warrants mandatory exclusion of the Lander Declaration. *Id.*

### ii. Contrary to Defendants' Claims, the Resulting Prejudice of Defendants' Disclosure Failures Cannot Be Cured

Mandatory exclusion of Dr. Lander as an expert witness—and not a new round of expert discovery—is the *only* appropriate remedy for Defendants' unjustified and harmful failure to comply with Rule 26(a)(2). *See Pike*, 2019 WL 6736908, at *2. The time for fact and expert discovery has long closed in this case. The Government made full and diligent use of the discovery period in accordance with the Rules, the FREs, and the Court's Scheduling Order. Among other things, the Government propounded multiple sets of written discovery to Defendants, prepared and served multiple Government agency expert rebuttal reports, and prepared for and conducted the expert deposition of Defendants' disclosed expert witness, Dr. Reid. Defendants' choice not to abide by the discovery Rules *then* is no reason for the Government and the Court to backtrack for new, late discovery *now*.

The Ninth Circuit has long recognized that a party's failure to provide required Rule 26(a)(2) expert disclosures in accordance with a court-mandated scheduling order often results in "[d]isruption to the schedule of the court and other parties" in a manner that "is not harmless." *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (no abuse of discretion in refusing to permit party to supplement his disclosure with additional expert witnesses, and in barring testimony by and relying upon those witnesses). When a party "is permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties" typically has to be altered as well. *Id.* Such has already been this case here.

Among other things, Defendants' decision to wait until their Opposition to a pending Summary Judgment Motion to disclose a second expert witness already has caused delay and a new round of motions. The Government made elections regarding its own experts, rebuttal experts, and those experts' reports based on Defendants' designation of *Dr. Reid* and proffer of *Dr. Reid's* expert report, among other things. Inclusion of the untimely disclosed Lander Report would almost certainly require the Government to instruct current experts to produce supplemental reports, and likely require designation of additional or alternative initial and rebuttal experts. Additional expert disclosures at this date are virtually certain to require postponement of trial, which would not be harmless for purposes of Rule 37(c)(1). *See Wong*, 410 F.3d at 1062 (excluding untimely disclosed witness "even though the ultimate trial date was still some months away," noting that "[d]isruption to the schedule of the court and the other parties . . . is not harmless").

Moreover, the Defendants' Opposition makes plain that their decision not to disclose a second expert witness was intentional. Defendants' unjustified failure to disclose all of the Rule 702 facts and opinions on which they intended to rely "cannot be described as harmless, particularly when the time for discovery has elapsed." *See Seifert v. United States*, No. CIV–S–04–0553DFLGGH, 2005 WL 3439010, at *1 n. 1 (E.D. Cal. Dec. 14, 2005) (granting a party's motion to exclude expert testimony when the proponent of the expert testimony violated Rule 26(a)(2) and the expert cut-off date had passed).

1

2

## **CONCLUSION**

3    The Opposition reveals Defendants' disregard for Rule 26(a) disclosure obligations

4 relating to Dr. Lander's extensive fact and opinion testimony under FRE 702.  Defendants

5 do not—and cannot—meet their burden to show that their disclosure failure was justified

6 or harmless.   Rule 37(c)(1) exclusion of the Lander Declaration and preclusion of Dr.

7 Lander's expert testimony is necessary to ensure that Defendants do not benefit, on a

8 motion, at a hearing, or at a trial, from their failure to comply with the discovery rules.

9

10    DATED: December 30, 2019.                Respectfully Submitted,

11                                             JOSEPH H. HUNT
                                              Assistant Attorney General
12

13                                             DAVID M. MORRELL
                                              Deputy Assistant Attorney General
14                                             Civil Division

15
                                              GUSTAV W. EYLER
16                                             Director
                                              Consumer Protection Branch
17

18                                             /s/   Natalie N. Sanders
                                              NATALIE N. SANDERS
19                                             Consumer Protection Branch
                                              U.S. Department of Justice
20                                             450 5th Street, NW, Suite 6400-South
                                              Washington, D.C. 20530
21                                             Telephone: (202) 598-2208
                                              Facsimile:  (202) 514-8742
22                                             E-mail: Natalie.N.Sanders@usdoj.gov
23

24                                             *Counsel for United States of America*

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 31st day of December 2019, I electronically filed a true and correct copy of the foregoing REPLY IN SUPPORT OF PLAINTIFF'S EVIDENTIARY OBJECTIONS TO, AND NOTICE OF MOTION AND MOTION TO STRIKE, THE DECLARATION OF ELLIOT LANDER, M.D. SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, through the Court's CM/ECF system, which will send a notice of electronic filing to the following counsel of record listed below:

> Celeste M. Brecht
> Matthew M. Gurvitz
> Norma N. King
> Witt W. Chang
> VENABLE LLP

I further certify that the aforementioned Reply was timely filed pursuant to a written stipulation entered into on the 30th day of December 2019 between Matthew M. Gurvitz of Venable LLP and the undersigned counsel for the Government.  Pursuant to stipulation, the parties have agreed, *inter alia*, that notwithstanding the December 30th filing deadline that otherwise applied under the Local Rules, and in light of the intervening federal holidays during the period for the Government's response: (1) the Government could have a brief extension, of no more than 24 hours, to file the aforementioned Reply; (2) the Government could take said brief extension pursuant to the parties' written stipulation; (3) Defendants will not object that the Government did not file a joint stipulation or *ex parte* application before taking the brief extension; and (4) Defendants will not object that the aforementioned Reply was untimely filed, provided the Reply is filed no later than Tuesday, December 31, 2019 at 11:59 pm PT.

*/s/ Natalie N. Sanders*
NATALIE N. SANDERS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28