BRIAN M. BOYNTON
Acting Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
NATALIE N. SANDERS
ROGER J. GURAL
Trial Attorneys
    Consumer Protection Branch
    U.S. Department of Justice
        450 5th Street, NW, Suite 6400-South
        Washington, D.C. 20530
        Telephone: (202) 598-2208
        Facsimile: (202) 514-8742
        E-mail: Natalie.N.Sanders@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA STEM CELL TREATMENT CENTER, INC., *et al.*<br><br>    Defendants. | No. 5:18-CV-01005-JGB-KKx<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Trial: May 4 – 13, 2021<br><br>Honorable Jesus G. Bernal<br>United States District Judge |

## INTRODUCTION

Plaintiff United States of America hereby objects to Defendants' [Proposed] Findings of Fact and Conclusions of Law pursuant to Central District of California Local Rule 52-7. Certain of Defendants' proposed facts misrepresent the testimony of Government witnesses who, in fact, testified in direct opposition to Defendants' purported factual findings. Other proposed facts are not supported by any record evidence at all.

## ARGUMENT

Defendants fail to adequately support the following proposed facts, in many cases citing to no evidence at all or to transcript excerpts that stand for the opposite. Specifically, the Government objects as follows:

- **No. 2:** Government expert witness Dr. Carolyn Yong did not testify that "SVF Cells are the naturally occurring part of the adipose tissue that does not contain the adipocytes (fat cells)." To the contrary, Dr. Yong testified that the select isolated cells that Defendants claim comprise SVF does not occur naturally in the body. The cells that comprise SVF are brought together only through elimination of the organized adipose tissue architecture and dismantling of organized multicellular structures. *(5/7/21 PM at 6:8-8:3 (Yong)).*

- **No. 3:** Dr. Yong did not testify that "[c]ells are the smallest and most basic functional structural units in the human body." Defendants cannot, and did not, cite any testimony from Dr. Yong on this point. Moreover, Dr. Yong also did not testify that "no person or device can remove *a stem cell* from adipose tissue without also removing *other tissue*." Defendants did not pose any such question to Dr. Yong, and the cited transcript excerpt does not support Defendants' contention that such removal is not possible.

- **No. 29:** Dr. Yong did not testify that the "SVF cells all demonstrated 'their multipotency by differentiating into cell types such as osteoblasts, adipocytes, bone, cartilage, and muscle cells." Rather Dr. Yong merely stated

on cross examination that Defendants read correctly that alleged result—which is not even properly considered a conclusion—from a hearsay study. Dr. Yong did not testify that the hearsay statement was accurate or that she personally supported its assertion. *(5/7/21 PM Tr. 61:3-17 (Yong)).*

- **No. 30:** Dr. Yong did not testify that Liberase has no impact on the cells that comprise SVF, including their viability or ability to differentiate, proliferate, or function. Rather Dr. Yong testified extensively to the opposite—confirming that Defendants' enzyme mixture alters the physical and biological characteristics of the SVF cells. *(5/7/21 PM Tr. 9:5-8, 72:17-25, 74:1-18, 74:20-23, 75:3-8, 75:16-20, 76:9-19, 78:24-25, 79:1-14 (Yong); and 5/7/21 AM Tr. 80:5-12, 81:19-24, 82:3-10, 83:1-7, 84:11-21, 84:7-10, 84:22-85:2, 85:14-17, 85:18-24, 86:5-13, 86:18-87:10, 87:11-88:1-3 (Yong)).*

- **No. 35:** This Court instructed the parties to cite to the factual record for each proposed finding of fact. *(5/13/21 PM Tr. 55:8-19).* Defendants have failed to provide any factual citation for the proposition that "None of the articles relied upon by the Government evaluates the effect of Liberase on . . . SVF cells." The lone citation to *5/7/21 PM Tr. 52:14-17 (Yong))* makes no mention of SVF cells and cannot support this finding.

- **No. 36:** Dr. Yong did not testify that she "did not know which enzyme the SVF Surgical Procedure utilized." Rather, she testified that it "was not clear" that Defendants' CSN TMAX was, in fact, Liberase. She further explained that her expert report had also cited to studies of enzymes other than Liberase because "there are similarities between components of enzymes, you can make reasonable arguments that phenomena can be applied to" cells. *(5/7/21 PM Tr. 72:16-73:3 (Yong)).*

- **No. 38:** Dr. Yong did not testify that changes in shape are temporary and/or that they have no effect on the biological characteristics of cells. To the

contrary, she testified extensively about the impact of Defendants' processing on the physical and biological characteristics of cells. *(5/7/21 PM Tr. 9:5-8, 72:17-25, 74:1-18, 74:20-23, 75:3-8, 75:16-20, 76:9-19, 78:24-25, 79:1-14 (Yong); and 5/7/21 AM Tr. 80:5-12, 81:19-24, 82:3-10, 83:1-7, 84:11-21, 84:7-10, 84:22-85:2, 85:14-17, 85:18-24, 86:5-13, 86:18-87:10, 87:11-88:1-3 (Yong)).*

- **No. 74:** Conduct relating to the sending of adipose tissue to ACS and receipt of the expanded SVF product was not outside the scope of FDA's 2017 investigation. Rather FDA investigator Michele Forster merely testified that ACS was subject to a separate FDA investigation and was issued its own FDA Form 483 listing objectionable conditions, and that she could not "speak to any of the details" of that other aspect of FDA's investigation because she did not personally conduct it. Ms. Forster also testified that she could not go so far as to say that she did not find any violations by Defendants in connection with the Expanded SVF product, as she "wasn't looking for it [her]self. [But] there is . . . a responsibility of anyone who . . . ships something in interstate commerce . . . to . . . follow the regulations. And so even if it goes on to another firm where it then [becomes] adulterated, the person who shipped it could be held responsible." *(5/5/21 PM Tr. 35:10-36:19 (Forster)).*

- **No. 78:** Government witness Dr. Christopher Joneckis did not testify that Defendants Berman and Lander "are permitted to perform the SVF treatments on their patients subject to the conditions set forth in the IND approvals for ACS." Rather Dr. Joneckis clearly stated that he had "no position" on Defendants' use of such treatments, and that he was "not here to render an opinion on that." *(5/4/21 AM Tr. 74:21-75:10 (Joneckis)).* Moreover, on redirect, Dr. Joneckis confirmed that IND approval only permits the sponsor

of the IND—not other third parties—to proceed with clinical studies. *(5/4/21 AM Tr. 77:25-78:10 (Joneckis)).*

- **No. 79:** This Court instructed the parties to cite to the factual record for each proposed finding of fact. *(5/13/21 PM Tr. 55:8-19).* This proposed fact is a bald unsupported assertion that lacks any support whatsoever, let alone adequate support.

- **No. 98:** Government witness Cynthia Jim did not testify that Defendants Berman and Lander "did not charge study participants for the SVF/ACAM2000 Surgical Procedure." Rather investigator Jim stated *twice* that she could not remember whether Defendants charged their patients or not. *5/11/21 AM Tr. 85:9-14 (Jim).* Moreover, the transcript excerpt that Defendants cited for their erroneous factual proposition—namely, *5/11/21 AM Tr. 85:15-18 (Jim)*—does not address whether Defendants *charge* participants, but rather whether Defendants *paid* participants for their study involvement. Defendants' cited evidence is, thus, wholly irrelevant to this fact and cannot possibly support it.

## **CONCLUSION**

Plaintiff requests that the Court strike the proposed findings of fact that are not supported by the record and disregard such proposed findings when determining the conclusions of law.

Dated: June 15, 2021

                                                                Respectfully Submitted,

                                                                 BRIAN M. BOYNTON
                                                                 Acting Assistant Attorney General

                                                                 GUSTAV W. EYLER
                                                                 Director

Consumer Protection Branch

*/s/ Natalie N. Sanders*
NATALIE N. SANDERS
ROGER J. GURAL
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, D.C. 20530
Telephone: (202) 598-2208
Facsimile:  (202) 514-8742
E-mail: Natalie.N.Sanders@usdoj.gov

*Counsel for United States of America*

Of Counsel:

DANIEL J. BERRY
Acting General Counsel
Department of Health and Human Services

PERHAM GORJI
Deputy Chief Counsel for Litigation
United States Food and Drug Administration
Office of the Chief Counsel

MICHAEL SHANE
MICHAEL HELBING
Associate Chief Counsel for Enforcement
United States Food and Drug Administration
Office of the Chief Counsel
White Oak 31, Room 4554
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002
Telephone: 301-796-8593

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June 2021, I electronically filed a true and correct copy of the foregoing PLAINTIFF'S OBJECTIONS TO DEFENDANTS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW through the Court's CM/ECF system, which will send a notice of electronic filing to the following counsel of record listed below:

Celeste M. Brecht
Ramanda R. Luper
JONES DAY

Matthew M. Gurvitz
Thomasina E. Poirot
Nicole N. King
Witt W. Chang
VENABLE LLP

/s/ Natalie N. Sanders
NATALIE N. SANDERS