JS-6

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CALIFORNIA STEM CELL TREATMENT CENTER, INC., *et al.*<br>Defendants. | No. 5:18-CV-01005-JBG-KKx<br>Hon. Jesus G. Bernal<br>Riverside, Courtroom 1<br>**ORDER OF PERMANENT INJUNCTION** |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over this action under 21 U.S.C. § 332 and 28 U.S.C. §§ 1331, 1337, and 1345, and personal jurisdiction over all parties. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c).

2. The Complaint for Permanent Injunction states a cause of action against California Stem Cell Treatment Center, Inc., a California Corporation; Cell Surgical Network Corporation, a California Corporation; and individual defendant Elliot B. Lander, M.D. (collectively, "Defendants") under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.* (the "Act").

3. For purposes of this Order, the following definitions shall apply:

A. "CGMP" shall collectively refer to current good manufacturing practice, as set forth in 21 U.S.C. § 351(a)(2)(B) and 21 C.F.R. Parts 210-211, the standards applicable to biological products in 21 C.F.R. Parts 600-680, and the requirements for human cells, tissues, and cellular and tissue-based products in 21 C.F.R. Part 1271;

B. "Drug" shall have the meaning given the term in 21 U.S.C. § 321(g)(1) and shall include any HCT/P, as defined below, that does not meet all of the criteria in 21 C.F.R. § 1271.10(a), and the exception in 21 C.F.R. § 1271.15(b) does not apply;

C. "Defendants' facility" shall refer to the facilities located at 72780 Country Club Drive, Suite 301, Rancho Mirage, California, 92270, and 120 South Spalding Drive, Suite 300, Beverly Hills, California, 90212, and any other location(s) at which one or more Defendants, now or in the future, receive, manufacture, process, pack, repack, label, hold, and/or distribute the CSCTC products, as defined in subparagraph E below, any other drug, or any HCT/P;

D. "HCT/P" shall refer to human cell, tissue, or cellular or tissue-based product, as defined in 21 C.F.R. § 1271.3(d); and

E. "CSCTC products" shall refer to products that Defendants prepare or cause to be prepared that contain Stromal Vascular Fraction ("SVF") or cells obtained or derived from adipose tissue, including, but not limited to expanded SVF products, such as ATCELL, and products that combine SVF with any other article, including, but not limited to, ACAM2000 or any strain of Vaccinia Virus.

4. The CSCTC products do not meet all of the criteria in 21 C.F.R. § 1271.10(a), and no exception in 21 C.F.R. § 1271.15 applies. The CSCTC products are drugs within the meaning of 21 U.S.C. § 321(g)(1).

5. Defendants violate the Act, 21 U.S.C. § 331(k), by causing articles of drug to become adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B), and misbranded within the meaning of 21 U.S.C. §§ 352(f)(1), 352(j), and 353(b)(4), while such drugs, or one or more of their components, are held for sale after shipment in interstate commerce. Defendants also violate the Act, 21 U.S.C. § 331(c), by receiving misbranded drugs in interstate commerce and delivering them for pay or otherwise.

6. No later than sixty (60) calendar days after entry of this Order, Defendants shall submit to FDA an investigational new drug application ("IND") for each of its CSCTC products that Defendants receive, manufacture, process, pack, repack, label, and/or distribute. Such IND(s) shall cover all of the product's intended use(s) and shall comply with 21 C.F.R. Part 312.

7. For each IND submitted to FDA under paragraph 6, if FDA determines that are no grounds for an imposition of a clinical hold under 21 C.F.R. § 312.42 for that IND, FDA will notify Defendants in writing that the IND is in effect.

8. With respect to any CSCTC products for which Defendants submit an IND pursuant to paragraph 6, Defendants shall immediately cease receiving, manufacturing, processing, packing, repacking, labeling, and/or distributing any such CSCTC products if FDA notifies Defendants that:

A. their investigation(s) are subject to a clinical hold under 21 C.F.R. § 312.42; and/or

B. they are in violation of any requirement applicable to a sponsor or investigator under 21 C.F.R. Parts 50, 56, or 312.

Any FDA notice under this paragraph will specify the applicable CSCTC product and the scope of cessation required. Defendants shall continue to cease receiving, manufacturing, processing, packing, repacking, labeling, and/or distributing any such CSCTC products unless and until FDA notifies Defendants in writing that the grounds for a clinical hold no longer exist and/or Defendants appear to be in compliance with applicable requirements under 21 C.F.R. Parts 50, 56, and 312.

9. Except as permitted in paragraphs 6 through 8 of this Order, Defendants, and each and all of their directors, officers, agents, employees, representatives, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships), who have received actual notice of this Order by personal service or

otherwise, are hereby permanently restrained and enjoined under 21 U.S.C. § 332(a) and the inherent equitable authority of this Court, from directly or indirectly receiving, manufacturing, processing, packing, repacking, labeling and/or distributing any CSCTC products that are not the subject of an approved new drug application, IND, or Biologics License Application ("BLA"), and doing or causing to be done any act that:

A. Violates 21 U.S.C. § 331(k) by causing any article of drug to become adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B) or to become misbranded within the meaning of 21 U.S.C. §§ 352(f)(1), 352(j), or 353(b)(4), while such article is held for sale after shipment of one or more of its components in interstate commerce;

B. Violates 21 U.S.C. § 331(c) by receiving in interstate commerce any article of drug that is misbranded within the meaning of 21 U.S.C. §§ 352(f)(1), 352(j), or 353(b)(4), and delivering or proffering the misbranded drug for pay or otherwise; and/or

C. Results in the failure to implement and continuously maintain the requirements of this Order.

10. If, at any time after entry of this Order, FDA determines, based on the results of an inspection, analyses of samples, a report or data prepared or submitted by Defendants, or any other information, that Defendants have failed to comply with any provision of this Order, or have violated the Act and/or its implementing regulations, including, but not limited to, violations concerning CGMP requirements, and/or that additional corrective actions are necessary to achieve compliance with this Order, the Act, and/or applicable regulations, FDA may, as and when it deems necessary, direct Defendants in writing to take appropriate actions. Such actions may include, but are not limited to, the following:

A. Cease receiving, manufacturing, processing, packing, repacking, labeling, and/or distributing the CSCTC products, any other drugs, and HCT/Ps;

B. Recall, at Defendants' sole expense, any products that are adulterated or misbranded or are otherwise in violation of this Order, the Act, or applicable regulations; and/or

C. Take any other corrective action(s) as FDA, in its discretion, deems necessary to bring Defendants and their products into compliance with this Order, the Act, or applicable regulations, and/or protect the public health.

This remedy shall be separate and apart from, and in addition to, any other remedy available to the United States under this Order or under the law.

11. Any cessation of operations or other action described in paragraph 10 shall continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with this Order, the Act, and its implementing regulations, and that Defendants may resume operations. Upon Defendants' written request to resume operations, FDA will determine whether Defendants appear to be in such compliance, and, if so, issue to Defendants a written notification permitting, as appropriate, resumption of operations. In no circumstance shall FDA's silence be construed as a substitute for written notification. The costs of FDA inspections, sampling, testing, travel time, and subsistence expenses to implement the remedies set forth in this paragraph and paragraph 10, including the cost of travel incurred by specialized investigatory and expert personnel, shall be borne by Defendants at the rates specified in paragraph 13.

12. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to inspect Defendants' places of business and take any other measures necessary to monitor and ensure continuing compliance with this Order. During inspections, FDA representatives shall be permitted to: have immediate access to buildings, equipment, in-process or unfinished and finished materials, containers, packaging material, labeling, and other promotional material therein; take photographs and make video recordings; take samples of Defendants' in-process or unfinished and

finished materials, containers, packaging material, labeling, and other promotional material; and examine and copy all records relating to the receipt, manufacture, processing, packing, repacking, labeling, holding, and distribution of any and all CSCTC products, drugs, HCT/Ps, and their components. The inspections shall be permitted upon presentation of a copy of this Order and appropriate credentials. The inspection authority granted by this Order is separate from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

13. Defendants shall pay all costs of FDA's inspections, investigations, supervision, analyses, examinations, and reviews that FDA deems necessary to evaluate Defendants' compliance with this Order, including all transportation and associated costs for FDA investigators and experts, at the standard rates prevailing at the time the costs are incurred. Defendants shall make payment to FDA within twenty (20) business days after receiving an electronic invoice for payment, which shall be sent to [Defendants' email]. Defendants shall make payment through the Pay.gov electronic billing system, subject to all interest, fees, and penalties applicable to delinquent payments, in accordance with 31 U.S.C. § 3717 and 45 C.F.R. § 30. As of the date that this Order is signed by the parties, these rates are: $119.53 per hour or fraction thereof per representative for inspection and investigative work; $142.71 per hour or fraction thereof per representative for analytical or review work; $0.70 per mile for travel by automobile; government rate or the equivalent for travel by air or other means; and the published government per diem rate for subsistence expenses, where necessary. In the event that the standard rates for FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court. Defendants shall notify FDA within fifteen (15) business days if the email address at which Defendants receive electronic invoices changes.

14. This Order does not apply to drugs that are both (A) the subject of an application approved pursuant to 21 U.S.C. § 355(b) or a biologics license application

approved by FDA and (B) not directly or indirectly manufactured, processed, packed, or labeled by Defendants.

15. Defendants shall immediately post a copy of this Order in a common area at Defendants' facility and at any other location at which Defendants conduct business and shall ensure that the Order remains posted for as long as the Order remains in effect.

16. Within ten (10) calendar days after the entry of this Order, Defendants shall provide a copy of this Order, by personal service or certified mail, to each and all of their directors, officers, agents, employees, representatives, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (referred to collectively as "Associated Persons"). Within thirty (30) calendar days after the date of entry of this Order, Defendants shall provide to FDA an affidavit of compliance, signed by a person with personal knowledge of the facts, stating the fact and manner of compliance with the provisions of this paragraph and identifying the names, addresses, and positions of all persons who have received a copy of this Order.

17. In the event that any of the Defendants becomes associated with any additional Associated Person(s) at any time after entry of this Order, Defendants immediately shall provide a copy of this Order, by personal service or certified mail (restricted delivery, return receipt requested), to such Associated Person(s). Within thirty (30) calendar days of each time any of the Defendants becomes associated with any such additional Associated Person(s), Defendants shall provide to FDA an affidavit stating the fact and manner of their compliance with this paragraph, identifying the names, addresses, and positions of all Associated Persons who received a copy of this Order pursuant to this paragraph, and attaching a copy of the executed certified mail return receipts. Within ten (10) calendar days of receiving a request from FDA for any information or documentation that FDA deems necessary to evaluate Defendants' compliance with this paragraph, Defendants shall provide such information or documentation to FDA.

18. Defendants shall notify FDA at least fifteen (15) calendar days before any change in ownership, character, or name of their businesses, including incorporation, reorganization, bankruptcy, assignment, or sale resulting in the emergence of a successor business or corporation, the creation or dissolution of subsidiaries, or any other change in the corporate structure or identity of California Stem Cell Treatment Center, Inc. or Cell Surgical Network Corporation, or in the sale or assignment of any business assets, such as buildings, equipment, or inventory, that may affect obligations arising out of this Order. Defendants shall provide a copy of this Order to any potential successor or assign at least fifteen (15) calendar days before any sale or assignment. Defendants shall furnish FDA with an affidavit of compliance with this paragraph no later than ten (10) calendar days prior to such assignment or change in ownership.

19. Defendants shall abide by the decisions of FDA, and FDA's decisions shall be final. All decisions conferred upon FDA in this Order shall be vested in FDA's discretion and, if contested, shall be reviewed by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review by the Court of any FDA decision rendered pursuant to this Order shall be based exclusively on the written record before FDA at the time of the decision. No discovery shall be taken by either party.

20. Should the United States of America bring, and prevail in, a contempt action to enforce the terms of this Order, Defendants shall, in addition to other remedies, reimburse the United States for its attorneys' fees (including overhead), travel expenses incurred by attorneys and witnesses, court costs, expert witness fees, and investigational and analytical expenses incurred in bringing such action.

21. All notifications, certifications, reports, correspondence, and other communications to FDA required by the terms of this Order shall (1) be prominently marked "Order Correspondence," (2) reference this civil action by case name and civil action number, and (3) be submitted electronically to the Director, Office of Compliance and Biologics Quality at CBERDCMRecommendations@fda.hhs.gov If electronic

submission is not possible, communications shall be addressed to the attention of Director, Office of Compliance and Biologics Quality, FDA Center for Biologics Evaluation and Research, White Oak Building 71, Room 5030, 10903 New Hampshire Avenue, Silver Spring, MD20993-0002.

22. If any deadline in this Order falls on a weekend or holiday, the deadline is continued to the next business day.

23. This Court retains jurisdiction of this action and the parties thereto for the purpose of enforcing and modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate.

SO ORDERED:

Dated this 28th day of August, 2026.

Hon. Jesus G. Bernal
UNITED STATES DISTRICT JUDGE